HUGH QUINN *vs.* LOWELL ELECTRIC LIGHT CORPORATION.

Middlesex.   Jan. 19. — May 10, 1887.   HOLMES & GARDNER, JJ., absent.

In an action for a nuisance, namely, the maintenance and use of a steam-engine, boilers, and machinery, from May to November, 1883, in violation or in excess of a license to the defendant, the record of a judgment recovered by the plaintiff in a former action against the defendant for the same nuisance, from December, 1882, to May, 1883, the last two months only of which period were covered by a license, is inadmissible in evidence.

In an action for a nuisance, namely, the maintenance and use of a steam-engine, boilers, and machinery, from May to September, 1883, on the defendant's premises, and within five hundred feet of the plaintiff's dwelling-house, it appeared that, on September 1, the defendant sold and conveyed said premises, and ceased to occupy the same or carry on business therein. The plaintiff was allowed to put in evidence, by the testimony of several witnesses, the amount of jarring, trembling, and shaking during the time of the defendant's occupancy up to September 1, 1883; and the plaintiff was then asked by his counsel what was the amount of jarring, trembling, and shaking in October, 1883, after the defendant's occupation had ceased, as compared with what it had been through the summer of 1883, for the purpose, after getting the plaintiff's testimony as to the comparative amount at the two periods, to introduce the testimony of other persons who visited the premises in October, 1883, as to the amount of jarring, shaking, and trembling at that time. *Held,* that the question to the plaintiff was rightly excluded.

TORT for a nuisance, namely, the maintenance and use of a steam-engine, boilers, and machinery for generating electricity for lighting purposes at the defendant's works in Lowell, and within five hundred feet of the plaintiff's dwelling-house. Writ dated November 22, 1883. The defendant justified under a license from the mayor and aldermen of Lowell. At the trial in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions to the exclusion of certain evidence, the nature of which appears in the opinion.

*W. H. Anderson*, for the plaintiff.

*G. F. Richardson*, for the defendant.

C. ALLEN, J. In the former action, in which the plaintiff recovered judgment against the defendant, the time covered by the declaration extended from December, 1882, to May 16, 1883. During a portion of that time, namely, until March 20, 1883, the defendant had no license. For all that appears, the damages recovered by the plaintiff in that action were only for the defendant's acts before the license was granted. In the present action, the plaintiff sought to recover for acts done by the defendant in violation or in excess of its license. It is obvious, that there is nothing to show that this issue was tried in the former action; and the recovery in that action may have been upon grounds entirely independent of it. The record of the judgment was therefore properly excluded.

In respect to the second point taken by the plaintiff, the bill of exceptions at first sight is not quite clear. In the amended declaration, the plaintiff seeks to recover damages for the period of time from May 16, 1883, to November 22, 1883. In the answer to the amended declaration, the defendant sets forth, among other things, that, until September 1, 1883, it conducted and carried on its business on the premises referred to, and that, on said first day of September, it sold and conveyed said premises, and no longer owned or occupied the same, or carried on any business therein. It is not stated in the bill of exceptions, in express terms, that the defendant did in fact discontinue its business there at that time; but this is to be inferred, since the bill of exceptions speaks of " the time covered by the present suit, to wit, from May 16 to September, 1883;" and

again, it speaks of the summer of 1883 as the time covered by this action.  As we understand the question intended to be presented, it arises thus: the plaintiff had. been allowed to put in evidence, by the testimony of several witnesses, the amount of jarring, trembling, and shaking during the time of the defendant's occupancy which was covered by this action, to wit, up to September 1, 1883 ; and the plaintiff was then asked by his counsel what was the amount of jarring, trembling, and shaking in October, 1883, after the defendant's occupation had ceased, as compared with what it had been through the summer of 1883, the time covered by this action; the purpose being, after getting the plaintiff's testimony as to the comparative amount at the two periods, to introduce testimony, which otherwise would clearly be irrelevant, of other persons who visited the premises in October, 1883, as to the amount at that time of jarring, shaking, and trembling.  October being thus treated as outside of the time practically covered by the action, the judge ruled that the question to the plaintiff was not admissible.  This was correct.  Admitting the plaintiff's testimony would have introduced a new issue, of itself traversable; and the testimony to which it was intended to open the way was too remote.  The plaintiff was properly confined to testimony as to the results of the defendant's acts during the time of its occupancy of the premises.

*Exceptions overruled.*