## ELIZABETH G. SHEPARD *vs.* EDWARD HILL.

Norfolk. January 14, 1890. — June 18, 1890.

Present : DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Private Nuisance — Evidence — Judicial Discretion.* ·

In an action for a nuisance, namely, the noise of the operating and running of a paper-mill day and night near the plaintiff's dwelling-house, during the six months before the date of the writ, the defendant was allowed to introduce evidence to show the kind and amount of noise produced by the mill at various times after that date; that the noise was not greater than that of other paper-mills of similar character and capacity, and that the machinery used was the ordinary and usual kind of machinery; that it was the custom of other paper-mills to run day and night; and that without so running a paper-mill could not compete with them. *Held*, that the evidence was properly admitted.

TORT for a nuisance, namely, the noise of operating and running a paper-mill in Needham day and night during the six months before November 17, 1887, the date of the writ, and within five hundred feet of the plaintiff's dwelling-house. At the trial in the Superior Court, before *Barker*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions to the admission of certain evidence, the nature· of which appears in the opinion.

*W. Gaston & O. B. Mowry*, for the plaintiff.

*C. G. Keyes*, for the defendant.

C. ALLEN, J. The plaintiff's exceptions relate to certain evidence which the defendant was allowed to introduce to show the kind and amount of noise produced by his paper-mill at various times after the date of the plaintiff's writ; also to show that the noise was not greater than that of other paper-mills of a similar character and capacity, and that the machinery used was the ordinary and usual kind of machinery; and, finally, that it was the custom of other paper-mills to run day and night, and that a paper-mill could not compete with other mills unless it did run day and night.

In support of his objection to the first part of the evidence above mentioned, the plaintiff chiefly relies upon *Quinn* v. *Lowell Electric Light Co.* 144 Mass. 476. In that case, the

effect produced was not merely noise, but jarring, shaking, and trembling; and the plaintiff sought to prove what jarring, shaking, and trembling were produced at a later time, when the machinery was not operated by the defendant, but by the defendant's successor. There was no evidence that the same power was used, or that the effect was constant and uniform, or comparable to any well known and familiar standard, or of a kind that the jury might be presumed to understand. The evidence was rejected, apparently because, in the opinion of the presiding judge, the effect was materially different at the two different times, and made a comparison necessary how much greater it was at one time than at the other, and thus bore no connection with the case in hand sufficiently close to aid the jury in determining the question before them. Exceptions being taken, we refused to grant a new trial, saying that the plaintiff's testimony would have introduced a new issue, of itself traversable, and that the testimony to which it was intended to open the way was too remote.

In all such cases, much must necessarily be left to the discretion of the presiding judge. If the circumstances are so different that in his opinion no aid can be drawn from the testimony which is offered, it is rejected. If in his opinion some aid may be drawn, the testimony is admitted, for the jury to give to it its just weight. Ordinarily the admission or exclusion of such evidence can hardly be said to present a pure question of law. It involves the determination whether the evidence which is offered bears a relation to the question before the jury sufficiently close to furnish proper aid to them. Under such circumstances, a new trial should not be granted because of the admission or exclusion of the evidence, unless it appears that some rule of law has been violated, or injustice done to the excepting party. In the opinion of a majority of the court, the exception to the admission of the foregoing testimony cannot be sustained.

The second branch of the testimony which was excepted to appears to have been adapted to enable the jury to understand how much noise was actually made, and of what kind. Where this is in controversy, there is no objection to a witness using any standard of comparison with which the jury may be sup-

posed to be familiar, as, for example, to say that a noise was like the noise of thunder, of a passing train of cars, of heavy wagons upon a paved street, or of whistles upon locomotive engines. If one were to say that the noise of a particular grist-mill or saw-mill was like that of ordinary grist-mills or saw-mills, perhaps no clearer description could be given to one who has lived in the country. Paper-mills may not be so familiar as grist-mills or saw-mills, but nevertheless the use of such a standard of comparison is not open to legal exception.

The principal question involved in the trial was, what under the circumstances it was reasonable for the defendant to do in the conduct of his business. *Davis* v. *Sawyer*, 133 Mass. 289, 292. *Rogers* v. *Elliott*, 146 Mass. 349. If he was doing what was unreasonable, having reference to the health and comfort of those living near, then the fact that a similar unreasonable usage prevailed elsewhere would not excuse him. But in determining what was reasonable in the necessary mode of conducting his business, the jury might properly consider whether he was using such machinery as was commonly used for similar purposes elsewhere. If he was, this fact alone, of course, would not be decisive of the main question; but it was an element which, under proper limitations, might be considered. The admission of this evidence was not of itself open to exception; and the instructions under which the case was submitted to the jury were not excepted to.

For a similar reason, the evidence as to running night and day was admissible.

*Exceptions overruled.*