WILLIAM P. O'BRIEN *vs.* CAROLINE SCHAYER.

Suffolk. March 6. — 11, 1878. COLT & SOULE, JJ., absent.

If the owner of two lots of land on S. Street conveys one of them by deed "subject and entitled to a common use with the estate adjoining southeasterly" [being the other lot] "of the passageway from S. Street, about three feet and ten inches wide on the southeasterly side of the granted land," evidence that when the deed was made the only passageway on or adjoining the land granted was a passageway partly on each lot and three feet and ten inches wide between the houses previously built on the two lots, identifies that passageway as "the passageway" mentioned in the deed, and a subsequent grantee of the other lot has no right to obstruct it.

TORT for the obstruction of a passageway.

At the trial in the Superior Court, before *Putnam,* J., it appeared that James A. Pearson, the owner of adjacent lots of land, called lots 12 and 13 on a certain plan, on Sixth Street in Boston, conveyed on May 1, 1861, by a warranty deed, recorded on June 28, 1861, to William P. Houston and Samuel H. L. Pierce, lot 13, referring to that plan, "subject and entitled to a common use with the estate adjoining southeasterly (being lot twelve) of the passageway from Sixth Street, about three feet and ten inches wide on the southeasterly side of the granted land;" that on August 25, 1868, the plaintiff, by mesne conveyances, all of which contained the same clause, became the owner of lot 13; that on December 19, 1863, Pearson, by a quit-claim deed, conveyed to Alpheus M. Stetson lot 12, which, by mesne conveyances, was conveyed on April 15, 1869, to the defendant's husband, Philip Schayer, under whom the defendant claimed; but none of the deeds under which the defendant claimed title referred to the passageway, and none appeared on the plan referred to. It also appeared that there had existed a passageway, three feet and ten inches wide, between the houses on lots 12 and 13, from the time the houses on the two lots were erected in the winter of 1860 and 1861; that there had been

no changes in the boundaries of the passageway, which had been used by the plaintiff and his grantors until the act complained of; that there was at no time any other passageway on or adjoining the plaintiff's lot; that the division line between the two lots ran through this passageway, which had been used in common by the owners of the two houses, but precisely where the division line ran did not appear; that the northwesterly boundary of the defendant's land was in fact through the passageway; and that the plaintiff, at the time of the conveyance to him, on August 25, 1868, entered upon and took possession of the premises conveyed, used and enjoyed the passageway, and was thus in the possession, use and enjoyment of the same until August 10, 1876, when a brick wall was built in the passageway along the boundary line of lot 12, not touching the plaintiff's land but obstructing his use of the passageway.

The defendant contended that the plaintiff had shown no title to this passageway which would enable him to maintain the action; but the judge ruled otherwise.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*B. E. Perry*, for the defendant.

*J. C. Crowley & J. A. Maxwell*, for the plaintiff.

BY THE COURT. In the deed under which the plaintiff claims, the words " on the southeasterly side of the granted land " do not of themselves show whether " the passageway from Sixth Street, about three feet and ten inches wide," is wholly on the land granted, or wholly on the adjoining lot, or partly on one and partly on the other. But it was proved that, when that deed was made, the only passageway on or adjoining the land granted was a passageway, partly on each lot, and three feet and ten inches wide, between the houses previously built on the two lots. That passageway is thus identified as " the passageway " mentioned in the deed, and the defendant, claiming under a later title, had no right to obstruct it. *Exceptions overruled.*