## LAURA G. GERRISH *vs.* HORACE B. SHATTUCK.

Middlesex.   Jan. 14. — June 30, 1880.   COLT & LORD, JJ., absent.

If the owner of two lots of land conveys one of them, which fronts on a street, by deed excepting and reserving to himself a passageway four feet wide from the street to his remaining lot, evidence that, when the deed was made, the whole of the lot granted was covered by a building except along a strip on the northerly side nine feet in width, part of which strip was covered by outside stairs attached to the building, four feet and a half in width, and that the grantor was accustomed to pass and repass along the remaining space, is a location of the passageway mentioned in the deed along this space; the grantee cannot obstruct it by building a wall along his northerly boundary line sixteen inches in thickness; and evidence that the grantor's tenants had a flower-garden a foot wide along the northerly line, maintained a plank walk twenty inches wide outside of this, and did not invariably walk within four feet of the northerly boundary, is immaterial.

BILL IN EQUITY, filed October 11, 1879, to restrain the defendant from obstructing a passageway running from Prescott Street in Lowell to the plaintiff's land.   The case was heard by *Ames*, J., and reported for the consideration of the full court, in substance as follows:

On September 3, 1857, Nathaniel Wright, who then owned the lots marked A and B on the plan, a copy of which is printed in the margin,* conveyed by metes and bounds to William H. Burnap lot B, by deed containing the following clause: "excepting however and reserving to myself, my heirs and assigns, a passageway four feet wide, in, through and over said premises from said Prescott Street to my tenement on the westerly side thereof."

Wright died in 1858, and the plaintiff, his daughter, is the owner, by inheritance and by deed from the other heirs, of lot A, and of the right of way over lot B.   The defendant acquired

Land of other persons.

Land of other persons.

in 1879 the rights of Burnap in lot B, subject to the right of way over it.

At the time of the conveyance from Wright to Burnap, and for many years before, Wright had a building on lot A which covered the greater part of the lot, the only entrance to the basement of which was by a door about ten feet distant from the easterly side of this lot, and this door occupied a space four feet in width, measuring from the northerly boundary line. The only access from this building to Prescott Street was by this door, and thence along by the northerly boundary line of the two lots, and this way was used in 1857, and for many years before, by the tenants of Wright's building.

Lot B was, at the time of this conveyance, covered by a building except a strip nine feet in width on the northerly side thereof, and in this space there was, for a distance of twenty feet from Prescott Street, an outside flight of stairs, four feet and a half in width, attached to the building.

In the summer of 1857, Wright built a fence along the northerly line of lot B, and, to the end of this fence on Prescott Street, attached a gate a little less than four feet wide, which fence and gate remained until September 1879, when they were removed by the defendant. The only access to the way from Prescott Street was through this gate. The passageway to Prescott Street was used by the tenants of the building on lot A and others having occasion to go to or from the rear part of that building; but the judge found that, in using the way, the passengers did not invariably confine themselves to the four feet in width, or that there was any apparent bound or definite track (except so far as may be inferred from the facts above stated) showing the exact or precise width of the way to be four feet. Part of the time planks, not exceeding twenty inches in width, were laid for passengers to walk on, and one of the occupants of the building, for several seasons, used a strip of land about a foot in width, next the northerly boundary of the lot, as a flower-bed. The planks were next to this bed. It also appeared that in winter-time, for the last seven years, the snow that fell or collected there was left undisturbed and not removed.

The defendant has begun to put in the foundations of a permanent building, three stories high, to cover the whole of his

lot, and declares an intention so to build as to leave a passage-way forty-five feet in length and four feet wide in the clear through his building, for the use of the plaintiff, which passage-way is to have a floor of asphalt or concrete resting upon the wooden framework of his building, over the cellar thereunder, and is to be covered over at the height of eleven feet above the floor by the second floor of his building, and this second floor of the building is to be supported by a brick wall, sixteen inches thick, standing upon the northerly line of the defendant's lot, and that such arrangements shall be made as to doors and windows to the passageway as may be reasonably necessary to the plaintiff's accommodation. In pursuance of this purpose, the defendant has begun to dig for the proper foundations of the proposed building, and has excavated the whole of his lot, including the passageway, to the depth of about ten feet, and in so doing has occasioned a temporary obstruction to the plaintiff's use of the passageway. There was no evidence of any objection to the plaintiff's use of said way.

The judge found that the passageway was never used as a carriage-way, and was not suitable or intended to be so used; that the plaintiff was not the owner in fee, and had no exclusive title to the soil under the way, or to the strip of land of the width of four feet; that this right of way had never by use or the acts of the parties been confined and limited to any exact or visible track, and was not otherwise limited by use than that it was in the northerly part of the defendant's lot; that the building which the defendant was about to erect would, if his plan should be carried out, have the effect to place the passageway, for about forty-five feet of its length, eighteen inches further south of the northerly boundary of the lot than the line claimed by the plaintiff to be the true northerly line of the way, but that, in so building, the defendant would still leave to the plaintiff a right of way and a passage four feet in width through his building, which practically would furnish to her the means of going to and from her lot by way of Prescott Street, in all respects as convenient and useful as she had at any time heretofore enjoyed, and that the operations of the defendant would not be an unreasonable obstruction of the passageway or a viola-tion of the plaintiff's right.

The judge ordered the plaintiff's bill to be dismissed, with costs; and the plaintiff appealed to the full court.

*J. N. Marshall,* for the plaintiff.

*D. S. Richardson & G. F. Richardson,* for the defendant, cited *Adams* v. *Emerson,* 6 Pick. 56; *Atkins* v. *Bordman,* 2 Met. 457; *Brown* v. *Stone,* 10 Gray, 61; *Richardson* v. *Pond,* 15 Gray, 387; *Stevenson* v. *Stewart,* 7 Phila. 293.

SOULE, J. It appears that when Burnap, the grantor of the defendant, became the owner of the premises now owned by the defendant, the premises were so built upon that the only part of them over which access could be had by foot-passengers from Prescott Street to the building on the land now owned by the plaintiff, was a strip, on the northerly side, about four and one half feet wide. It appears further, that while Wright, the plaintiff's father, the grantor of Burnap, was in possession of the plaintiff's land, and Burnap owned the defendant's land, a fence was standing on the northerly line of the Burnap land, and the tenants of Wright were wont to use the strip of land immediately south of this fence as a passageway to and from Prescott Street. From these facts it follows that the passageway four feet wide, which was reserved by Wright in his deed to Burnap, was fixed and located by the parties, along the northerly side of the land of Burnap, now owned by the defendant. The facts that a part of that space was used by Wright's tenants as a flower-garden, while a narrow plank walk only twenty inches wide was maintained over another part of the space, and that the tenants did not invariably walk within four feet of the fence, have no tendency to show that the way was not located by the parties. The two considerations, that there was no place where the way could be enjoyed except along that strip, and that it was thus used and enjoyed, are decisive. *O'Brien* v. *Schayer,* 124 Mass. 211.

The way being of a fixed and definite width, by the terms of the reservation, and having been located by the acts of the parties, the rights of the plaintiff therein are perfectly clear. She is entitled to have it kept open for its entire width, on the territory where it was located. The erection of a wall covering eighteen inches in width of the way, would create an obstruction, and infringe the plaintiff's rights. *Tucker* v. *Howard,* 122 Mass.

529, and 128 Mass. 361. *Nash* v. *New England Ins. Co.* 127 Mass. 91.

The defendant proposes to erect a building covering his whole lot, with a wall along the northerly side of the lot sixteen inches thick, and which would push the northerly line of the passage-way eighteen inches further south than the line as located by the parties. This he has no right to do; and he cannot compel the plaintiff to accept a substitute for the way to which she is entitled, although that substitute, if kept in order, may be convenient and useful. The plaintiff has therefore made a case which entitles her to the aid of the court in protecting her rights, and the decree dismissing her bill must be reversed.

*Decree for the plaintiff.*