JOHN C. GRAY & another, trustees, *vs.* THOMAS J. KELLEY.

Suffolk.   December 10, 1906. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Way.   Boundary.   Deed.   Evidence,* Extrinsic affecting writings.

The owners in common of a tract of land laid out on it for their own convenience a private way twenty-four feet wide and five hundred and twenty-one feet long leading from a highway on which their land abutted. From time to time they made conveyances of land adjacent to this way on each side, in which they gave the respective grantees " a right to pass and repass at pleasure over any part of said private way of twenty-four feet wide adjoining the premises " conveyed. Thereafter the original owners of the land who laid out the way executed and caused to be recorded a declaration describing the way by metes and bounds, referring to their having laid it out previously, and declaring that they did " set apart and appropriate forever the land occupied by said way twenty-four feet wide as a private way for all the present or future abutters thereon according to our original intention." In a suit in equity by the owner of land on one side of this way against the owner of land on the other side of it, seeking to enjoin the continuous obstruction of the way by carts, sleds and other chattels, it was *held,* that the plaintiff was entitled to have the way remain at all times unobstructed throughout its entire width so that he might pass freely over any part of it.

If two persons, who own in common with another the fee in certain land and in a strip of land twenty-four feet wide adjoining it over which a private way is laid out, convey the principal lot of land to their co-tenant in common by a quitclaim deed which describes the land as bounding upon the private way and grants the right to use such way, reciting that the land is the same intended to be conveyed by a former deed named from one of the grantors to the same grantee, and the description of the land in the deed named plainly does not in-

clude any part of the way, and the number of square feet of land stated to be conveyed by each of the deeds is the same, the later deed conveys only the land described in the earlier one referred to, and no part of the fee of the land under the private way passes by it.

A guardian was given by the Probate Court a license to sell a certain parcel of land belonging to his ward containing a number of square feet named " with the right in a private way adjoining." The ward owned such a right in a way twenty-four feet wide adjoining the land described and also owned an undivided share in the fee of the strip of land over which the way was laid out. Under this license the guardian executed a deed describing the land and giving its contents in square feet according to plans referred to in former deeds which excluded the strip of land twenty-four feet wide over which the way was laid out, conveying the right of way as follows: " with a free right in common with others thereto entitled to use said private way, subject always to a just share of the expense of keeping the same in good condition and repair." *Held*, that the deed, especially when taken with the license on which it was founded, did not convey or purport to convey the undivided interest of the ward in the fee of the strip of land twenty-four feet wide.

In a suit in equity by one abutter on a private way against another, to enjoin the defendant from obstructing the way by carts, sleds and other chattels, where the deeds creating and defining the right of way describe it without ambiguity as a private way twenty-four feet wide for the benefit of all present and future abutters thereon with the right to pass and repass at pleasure over any part of it, it is proper to exclude evidence offered by the defendant to show that for a period of nearly forty years a predecessor in title of the defendant used one half of the private way practically continuously for the piling of wood and such other uses as he saw fit to make of it.

KNOWLTON, C. J. On January 2, 1850, John W. Warren and Simon Warren became the owners, as tenants in common, of a tract of land lying northerly of Warren Street in Brookline. For their own convenience they laid out a private way, twenty-four feet wide, leading nearly at right angles from Warren Street, a distance of five hundred and twenty-one feet northerly into this tract of land. Under date of June 5, 1862, they executed, acknowledged and caused to be recorded a declaration, with a release of dower by their wives, describing this way by metes and bounds, referring to their having laid it out previously, and saying that they did "set apart and appropriate forever the land occupied by said way twenty-four feet wide as a private way for all the present or future abutters thereon according to our original intention." From time to time previously to August 18, 1851, they made conveyances of land adjacent to this way, on each side, in which they gave the respective grantees " a right to pass and repass at pleasure over any part of said private way of twenty-four feet wide adjoining the

premises " conveyed. The plaintiffs own the land abutting on the way on the westerly side, and the defendant owns a part of the land abutting on the way on the easterly side. The defendant has placed upon different parts of the way his carts, and sleds and other chattels, and has thereby obstructed these parts of it. The plaintiffs bring this bill to obtain an injunction against the continuance of such obstruction, and they claim their rights as incident to their ownership of the land on the side of the way, and also as owners of the fee of the whole way. The defendant also contends that he is the owner of the fee in the entire way, as a tenant in common with another, and he claims a right to use the way as he has used it.

The first question is : What rights are secured to abutters on the way by the declaration referred to and the deeds made in accordance with it? If the right of a grantee is to have the way, throughout its entire width, remain at all times unobstructed, so that one may pass freely over any part of it, the plaintiffs are entitled to an injunction. If the provisions of the deed are satisfied by leaving the way in such a condition that one can drive through it, without very great inconvenience, notwithstanding obstructions in places, a different result would be reached.

The deeds give a right to have a way, in common with others, whose limits and boundaries are defined, all of which is appropriated and set apart for this use. We think that the language quoted from the deeds, as well as the language of the declaration, requires that the way, throughout its entire width, should be left unobstructed. This seems to be its natural meaning, and similar language has been given such a meaning in the decisions. *Tudor Ice Co.* v. *Cunningham*, 8 Allen, 139. *Tucker* v. *Howard*, 122 Mass. 529. *Nash* v. *New England Ins. Co.* 127 Mass. 91. *Gerrish* v. *Shattuck*, 128 Mass. 571. *Hamlin* v. *New York, New Haven, & Hartford Railroad*, 176 Mass. 514.

These considerations are enough to entitle the plaintiffs to relief, but not to show fully the grounds of their claim nor the extent of their rights. The parties have argued at length the question whether the plaintiffs are the owners of the fee of the way, and this question is expressly reserved by the report. Upon all the evidence the Superior Court ruled, " that the

plaintiffs own no part of the fee of the way as claimed by the plaintiffs, but that they have an easement in said way which entitles them to have said way kept open and unobstructed to its full width," and ordered a decree for the plaintiffs. A part of the reservation is in these words: "If on the evidence actually admitted in the case, this ruling was correct, and if the exclusion of evidence was correct, the decree is to be entered as ordered."

Numerous conveyances, including many reconveyances, were made from time to time from August, 1851, to December 10, 1879, together covering all the land adjacent to the way on both sides, and it is not contended that any one of these included the fee of any part of the way, although all of them gave an easement in it. On this last date, a quitclaim deed, without warranty, was made from Almira Warren and John W. Warren to Frank C. Warren, of two lots of land, one of which is the lot on the westerly side of this way. The plaintiffs claim under this deed, and contend that it included the fee of the whole of the way because it gave the way as the easterly boundary.

The law has long been well settled that a deed, which bounds the granted premises on a street or public way, conveys the property to the middle of the way if the grantor owns so far, unless there is language in it which indicates that he intends to convey only to the side of the way. The rule is stated more definitely by Mr. Justice Gray, in *Boston* v. *Richardson*, 13 Allen, 146, as follows: " Whenever land is described as bounded by other land, or by a building or structure, the name of which, according to its legal and ordinary meaning, includes the title in the land of which it has been made part, as a house, a mill, a wharf, or the like, the side of the land or structure referred to as a boundary is the limit of the grant; but when the boundary line is simply by an object, whether natural or artificial, the name of which is used in ordinary speech as defining a boundary, and not as describing a title in fee, and which does not in its description or nature include the earth as far down as the grantor owns, and yet which has width, as in the case of a way, a river, a ditch, a wall, a fence, a tree, or a stake and stones, then the centre of the thing so

running over or standing on the land is the boundary of the lot granted." This shows the fundamental and principal reason of the rule. To this reason is added the probability that the grantor, if bounding on a street, under which the land presumably would be of little value to a private owner, would not be expected to care much to retain the title after parting with all of his property at the side of the street. But this rule has never been held to be anything more than a rule of construction, to be used in ascertaining the true meaning of the parties. For a time it was doubted whether it should apply to conveyances upon a private way; for the reason of it is less strong in its application to such conditions. On this question the court divided in *Fisher* v. *Smith,* 9 Gray, 441. See *Crocker* v. *Cotting,* 166 Mass. 183, 187. But it is now well established that, in case of a conveyance giving an ordinary private way as a boundary, if the title of the grantor extends to the centre of the way, he will be presumed to have intended to pass title to the centre of the boundary, unless there is something in the deed to show a contrary intention. *Peck* v. *Denniston,* 121 Mass. 17. *O'Connell* v. *Bryant,* 121 Mass. 557. *Dean* v. *Lowell,* 135 Mass. 55. *McKenzie* v. *Gleason,* 184 Mass. 452. *Everett* v. *Fall River,* 189 Mass. 513. It is always a question what is the intention of the parties, and ordinarily the intention to retain the title in private land, over which a right of way is granted, is more easily indicated than the intention to limit one's grant by the side line of a public street when the grantor owns to the centre of it. Nothing is ever conveyed except what is included within the boundaries of the lot described, and the language of the deed must be scrutinized, in its application to the locus, to see where the true boundaries are.

The plaintiffs contend that, inasmuch as the grantors in the deed to Frank C. Warren, bearing date December 10, 1879, were the owners in common with him of the fee of the private way, their deed gave him the fee of the whole way. It has been decided in a very few courts that, where a grantor bounds upon a way, of all of which he owns the fee, if he owns no land upon the other side of it, he is presumed to have intended to convey all of the way. This is not in accordance with the decisions in this Commonwealth, and it is contrary to the rule which we have

quoted from *Boston* v. *Richardson, ubi supra.* If one owned land upon which, along one side, there was a private way, we should expect, if he wished to convey the whole, including the way, that he would describe the whole in the deed, saying as to a part, that it was sold subject to the incumbrance of a right of way. If he sold bounding upon the way, he would be estopped from denying, as against the grantee, that it was a way which the grantee might use. But there is little reason for treating a strip of land, over which there is a private way, and which is a part of a larger lot in the same ownership, as technically a monument. In that respect it is very different from an ordinary public street.

We are of opinion that the judge of the Superior Court was right in ruling that the deed on which the plaintiffs rely did not include the fee of the way. In the first place, after describing the land, it recites that it is the " same premises intended to be conveyed to said Frank by John W. Warren by deed dated January 26, 1877, and recorded," etc. This latter deed plainly did not include any part of the private way; for the line runs " on the westerly side of a private way." The object of this later deed, so far as this lot is concerned, seemingly was to release the right which passed on the death of Simon Warren to his mother, Lois Warren, and which was not included in the former deed, but descended to her children from Lois Warren who died after the former deed was made. If we go back to the particular description in the deed, we find in its language that there was no intention to include any more land than was included in the former deed. First, the number of square feet in the land conveyed is stated as the same. Next, as we follow the line from Warren Street to and along the private way, we find a description as follows : " South by the curve making the corner of said street and a private way twenty-four feet wide, nine feet; east by said private way on several lines four hundred and ninety-seven feet six inches; . . . west by land late of John Howe three hundred and ninety-five 7-10 feet." These courses and distances are the same as in the former deed to which reference is made. The principal difference is that the former deed says, in terms, that the course runs " on the westerly side of a private way." But in the later deed we come around on the private

way " by the curve making the corner of said street and a private way twenty-four feet wide, nine feet." This plainly is a curve on the side line of the private way. From that point we go by the private way, on several lines, four hundred and ninety-seven feet six inches. These seem to be the side lines. Taking all the provisions together, it seems plain that this deed was intended to give the same boundaries as the former one, and to convey only the land on the westerly side of the private way. If Frank C. Warren took no part of the fee under this deed, the quitclaim deed of February 3, 1892, from Bowditch, his guardian, to John L. Gardner, under whom the plaintiffs claim, carried nothing from these grantors.

The question remains whether this guardian's deed included any interest in the fee of the way which Frank C. Warren received as a tenant in common from his ancestors. The license from the Probate Court, through which Bowditch derived his authority, describes the property to be sold as " a parcel of vacant land on the northerly side of Warren Street, in Brookline, containing about 98,776 square feet, with the right in a private way adjoining."

From August 18, 1851, to the date of the first deed specially relied on by the plaintiffs, for more than forty years, the title of the land in the private way was held apart from that on either side. The license plainly shows that the lot to be sold is outside of the way, and that with it is to be sold the right, belonging to it, in the private way adjoining, which is an easement to use the way. The ownership of the fee was merely a holding of an undivided interest as a tenant in common. The description in the deed made under this license is of a parcel whose contents in square feet are given, according to the old plans, the same as in the former deeds that plainly exclude the way, whose courses and distances are given as in the same deeds, whose southeasterly line is given on the curve-line which forms the corner of the private way and Warren Street, and which is on the outer line of the way, and whose description as to the way is, " with a free right in common with others thereto entitled to use said private way, subject always to a just share of the expense of keeping the same in good condition and repair." We are of opinion that this deed, especially when it is taken with the license on which it is

founded, does not purport to convey the fee of the way in which the ward had only an undivided interest.

The evidence was rightly excluded.* There was no ambiguity in the deeds in reference to the easement included in them.

It follows that the ruling of the Superior Court was correct, and that the decree should be entered in accordance with the order.

*So ordered.*

The case was argued at the bar in December, 1906, before *Knowlton,* C. J., *Hammond, Loring, Braley,* & *Sheldon,* JJ., and afterwards was submitted on briefs to all the justices except *Rugg,* J.

*R. A. Jackson,* for the plaintiffs.

*T. W. Proctor,* for the defendant.

---

* The defendant offered to show that from 1866 for pretty nearly forty years John Warren, junior, used the easterly half of the private way, against the land of John L. Gardner, practically continuously for the piling of wood and such other uses as he saw fit to make of it, both during the life of John L. Gardner, senior, and afterwards. The judge excluded the evidence subject to the defendant's exception.