MARY AMPAGOOMIAN *vs.* MARTA ATAMIAN.

Worcester.  September 28, 1948. — October 28, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Easement.  Way,* Private: extent.

A "right of way over" a strip of land which was "to forever be maintained as a driveway" did not include the right to lay gas pipes under the driveway for the purpose of conveying gas to a house on the dominant land.

BILL IN EQUITY, filed in the Land Court on October 18, 1944, against Atam Atamian and Marta Atamian.

Marta Atamian filed a suggestion of the death of Atam Atamian on June 30, 1940, and alone defended the case.

The sketch on page 320 shows the main features of premises described in the opinion.

The case was heard by *Fenton*, J., by whose order a decree dismissing the bill was entered.  The plaintiff appealed.

In this court the case was submitted on briefs.

. *F. W. Morrison*, for the plaintiff.

*G. M. Kurzon*, for the defendant.

SPALDING, J.  The plaintiff brought this suit in equity in the Land Court to determine the extent of an easement appurtenant to her land.  She also sought to restrain the defendants from interfering with a use, hereinafter described, which she was making of the easement.  G. L. (Ter. Ed.) c. 185, § 1 (k), as appearing in St. 1934, c. 67, § 1.  The evidence is not reported, but the judge made findings of facts.

The facts may be summarized as follows: In 1916 the defendants named in the bill, Atam Atamian and Marta Atamian, [1] acquired by deed an undivided one half interest

EAST CHURCH STREET

in a certain parcel of land and the buildings thereon in that part of Northbridge known as Whitinsville. At the same time and by the same deed the remaining undivided

---

[1] By Atam Atamian's will, which was allowed on October 15, 1940, he left all of his property to his wife, Marta.

one half interest in this parcel was conveyed to one Garabed Jigarjian.  In September, 1922, Jigarjian conveyed his interest in a portion of this property to the Atamians.  By this conveyance the Atamians became the sole owners, subject to an easement presently to be mentioned, of a parcel which was bounded on the north by East Church Street.  The deed contained the following provision: "The strip of land fifteen feet wide on the easterly side of the granted premises is to forever be maintained as a driveway." In June, 1926, the Atamians conveyed to Jigarjian their interest in the remaining portion of the original parcel. The deed, after describing the property, recited "Together with a right of way over the grantors' adjoining land, from said East Church Street, southeasterly."  By this deed Jigarjian became the sole owner of a lot which was bounded on the north by East Church Street and on the west by the lot owned by the Atamians.  Both lots ran back the same distance from the street.  In 1937 Jigarjian conveyed a portion of his land in the rear to the plaintiff "together with a right of way over the adjoining land of Atam Atamian et ux from said East Church Street southeasterly."  On the plaintiff's lot there is a house, as there is on the lot owned by Jigarjian.  These houses "were there in 1916." There is also a house on the Atamians' lot which was built in 1922 or 1923.  It was agreed by the parties "that water pipes had been laid from East Church Street throughout the length of the fifteen foot driveway" and that these "supplied the plaintiff's house with water."  In August of 1944 the Worcester Gas Light Company at the plaintiff's request "laid gas pipes in the fifteen foot driveway from East Church Street up to the plaintiff's house."  Upon learning of this Marta Atamian (hereinafter called the defendant) objected, and it was agreed between her and the gas company that the pipes might remain in the driveway, but not connected, "pending the adjudication of this case."  "When the conveyance was made [and] the driveway was created, there was no gas in Whitinsville."  No question was raised "as to the right of the plaintiff to use the fifteen foot driveway for ingress and egress to her land,

and the defendant admitted at the trial that no question was raised as to the use of the land in said driveway for the water pipes." The sole question for decision in the court below was whether the plaintiff's easement was broad enough to include the right to lay gas pipes under the driveway for the purpose of conveying gas to her house. The judge ruled that it was not, and ordered the bill dismissed. From a final decree dismissing the bill the plaintiff appealed.

The decree was right.

It was not disputed that the plaintiff had, as appurtenant to her land, an easement of way over the defendant's land. "When an easement or other property right is created, every right necessary for its enjoyment is included by implication." *Sullivan* v. *Donohoe,* 287 Mass. 265, 267. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 298 Mass. 513, 514. But it cannot be said that the laying of gas pipes beneath the driveway was necessary to the enjoyment of the plaintiff's right of passage over it. The defendant as owner of the servient estate retained the use of her land for all purposes except such as were inconsistent with the plaintiff's easement. *Merry* v. *Priest,* 276 Mass. 592, 600. *Carter* v. *Sullivan,* 281 Mass. 217, 225. The use of the way to which the plaintiff claims to be entitled was not included either expressly or by implication in the grant creating the easement. It has generally been held that a right of way over the land of another, even though, as here, it be granted in general terms, does not include the right to lay pipes or to erect structures in or upon the way. *Congregation Beth Israel* v. *Heller,* 231 Mass. 527 (bulkhead). *Crullen* v. *Edison Electric Illuminating Co. of Boston,* 254 Mass. 93, 94 (pole for electric light wires). *Carpenter* v. *Capital Electric Co.* 178 Ill. 29 (electric light wires). *Watson* v. *French,* 112 Maine, 371, 375 (water pipes). *United States Pipe Line Co.* v. *Delaware, Lackawanna & Western Railroad,* 33 Vroom, 254, 281 (pipe line for oil). *Allen* v. *Scheib,* 257 Pa. 6 (gas pipe).

The contention of the plaintiff that the judge erred in failing to decide that she had a right to maintain the water

pipes in the driveway is without merit. In view of the pleadings and the fact that the defendant admitted at the trial that no question was raised as to the use of the driveway for this purpose, this question was not before the judge, and, on this record, we are in no position to decide it.

It follows that the entry must be

*Decree affirmed with costs.*