SIGFRID MALM & others *vs.* PAUL S. DUBREY.

Worcester.    September 26, 1949. — November 30, 1949.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Nuisance. Equity Pleading and Practice*, Appeal, Decree. *Error*, Whether error harmful.

Operation of a freight depot of a motor trucking business in a district wherein a zoning by-law permitted manufacturing but forbade noise offensive to the neighborhood was a private nuisance in so far as noise arising from loading, unloading and repair of trucks between midnight and six o'clock in the morning interfered with the sleep of neighborhood residents of ordinary sensibility.

In a suit in equity to enjoin the proprietor of a motor trucking business from maintaining a nuisance through unreasonable noise in the operation of a freight depot at night, substantial justice did not require reversal of a decree in favor of the plaintiff because of error in the exclusion of evidence, offered by the defendant, that night operation of the depot was necessary in the conduct of his business, where the evidence so excluded did not show that the defendant in night operation could not reasonably avoid the noise of which complaint was made.

A decree enjoining the defendant from using his premises during certain hours at night in such a way as to cause unreasonable noise interfering with the sleep of "the plaintiffs, their families, and tenants" was ordered modified so as to enjoin such interference with the sleep of "persons of ordinary susceptibility to noise in the position of the plaintiffs, their families, and tenants."

BILL IN EQUITY, filed in the Superior Court on September 19, 1947.

The suit was heard by *Donnelly*, J.

*H. Zarrow & M. Cohen*, for the defendant, submitted a brief.

*J. F. Driscoll*, for the plaintiffs.

LUMMUS, J. The plaintiffs are householders and residents in the Cherry Valley district in Leicester. The defendant carries on a trucking business in the same district. This bill in equity is brought to restrain the defendant from annoying the plaintiffs by unreasonable noises, and from trespassing on the land of the plaintiffs Sigfrid Malm and Helen Malm. The final decree, entered December 8, 1948, permanently enjoined the defendant, his servants, agents or employees, "from so using the defendant's premises between the hours of 12 P.M. and 6 A.M. so as to cause noise to emanate therefrom so as to interfere with the ability of the plaintiffs, their families, and tenants to sleep between said hours." It also permanently enjoined the same persons from trespassing upon the land of the Malms, and ordered the defendant to replace a boundary fence which had been broken down by his trucks. The defendant appealed. The evidence is reported, and the judge made voluntary findings of fact.

The defendant does not complain of that part of the final decree that restrains trespassing and requires replacement of the boundary fence. His attack is upon the decree with respect to nuisance.

The judge found substantially the following facts. The defendant uses large trailer trucks including one refrigerator truck. He has on his premises a building which he uses as a freight depot for loading and unloading freight, preparatory to shipping it to its destinations. His premises are used continuously, day and night. In unloading and loading freight a heavy steel plate is used as a ramp between the trucks and the loading platform. In rolling freight over it a sharp, vibrant clang occurs which is discordant and likely to disturb seriously the rest of the neighbors. He has a

repair shop on his premises, and his trucks are tested both on his premises and in the neighboring streets with motors racing, and this in the early hours of the morning when it disturbs the sleep of the plaintiffs. The trucks in the course of repairs are hammered with heavy hammers, which also disturbs sleep. The property of both plaintiffs and defendant is zoned in a manufacturing zone, but the zoning by-law provides that no building shall be used for any purpose offensive to the neighborhood by emission of noise. There are two mills in the zone, but neither is operated during the night. While it is more economical for the defendant to do his repair work and transshipment of freight at night, he could rearrange his work so as to avoid night work without seriously interfering with his operation of his business. His business has been increasing greatly for a number of years.

In *Davis* v. *Sawyer*, 133 Mass. 289, 290, it is said, "Noise which constitutes an annoyance to a person of ordinary sensibility to sound, such as materially to interfere with the ordinary comfort of life, and impair the reasonable enjoyment of his habitation, is a nuisance." In *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 489, Rugg. C.J., said, "The pertinent inquiry is whether the noise materially interferes with the physical comfort of existence, not according to exceptionally refined, uncommon or luxurious habits of living, but according to the simple tastes and unaffected notions generally prevailing among plain people." In *Shea* v. *National Ice Cream Co. Inc.* 280 Mass. 206, 211, it was said, "The defendants are entitled to a reasonable use of their property. It is plain, however, that it cannot be so used as to disturb the plaintiffs, who have a right to sleep at night in their own homes." In *Weltshe* v. *Graf*, 323 Mass. 498, the plaintiffs were disturbed in their sleep at night by unreasonable noises from a freight terminal operated by the defendants, and an injunction was granted restraining work between eight in the evening and seven in the morning. Apart from the questions of evidence

now to be discussed, we think it plain that there was no error in entering the decree for the plaintiffs.

A witness named Wentzell, called by the defendant, testified that he conducted a traffic consultation business, that he was a registered practitioner before the Interstate Commerce Commission, that he had been employed by a trucking concern for twenty years as general manager, and that he had been consulted by the defendant with respect to setting up his business so as to comply with the rules of the Interstate Commerce Commission. He testified that he was familiar with the routes served by the defendant, and with the extent of his business. He was then asked if it would be possible to supply the service on the routes served by maintaining daylight operations only. The defendant offered to prove that the witness would answer in the negative. The question was excluded, subject to the exception of the defendant. It appeared that the defendant carries perishable goods, and the witness was asked whether the carrying of perishable goods required a twenty-four hour operation. The defendant offered to prove that the answer would be in the affirmative, but the question was excluded, subject to his exception. These questions of evidence come here on the appeal. G. L. (Ter. Ed.) c. 214, § 25.

The exclusion was not put, nor is it supported in argument, on the ground that the witness was not qualified to give his opinion, and we think that the evidence showed that he was qualified. *Muskeget Island Club* v. *Nantucket,* 185 Mass. 303. The judge apparently did not find that the witness was not qualified, as the judge did in *Murphy* v. *Chichetto,* 323 Mass. 11, 15, and many other cases. The exclusion apparently was based on the ground that the facts sought to be proved were not relevant to the issue of nuisance.

The law of nuisance must often be found, as in the present case, in a compromise between the interests of business and those of quiet living. Evidence is admissible to show how far the acts complained of are necessary for the carrying on

of the business. *Shepard* v. *Hill*, 151 Mass. 540. *Downing* v. *Elliott*, 182 Mass. 28, 30, 31. *Tortorella* v. *H. Traiser & Co. Inc.* 284 Mass. 497, 500. *Kasper* v. *H. P. Hood & Sons, Inc.* 291 Mass. 24, 28. *DeBlois* v. *Bowers*, 44 Fed. (2d) 621. The offered evidence might well have been admitted. In this case, however, we have before us the whole evidence. In equity a decree will not be reversed for error in the admission or exclusion of evidence unless substantial justice requires it. *Indrisano's Case*, 307 Mass. 520, 523. *Caccamo's Case*, 316 Mass. 358, 363. *Trustees of the Church of the Disciples* v. *Benevolent Fraternity of Unitarian Churches*, 319 Mass. 38, 39. *McLean's Case*, 323 Mass. 35, 39. The offers of proof made by the defendant did not go to the length of showing that his night work had to be accompanied by such noises as those of which the plaintiffs complained. Even though the night work complained of was necessary for the defendant's business, the judge justifiably found the night work to be a nuisance. The result is that the defendant must obey the injunction, or move his plant to some other location, or go out of business. He may not continue to maintain a nuisance. But the decree is to be modified by inserting in the paragraph numbered 1 of the decree after the words "ability of" the words "persons of ordinary susceptibility to noise in the position of." *Swensen* v. *Marino*, 306 Mass. 582, 587.

*Decree as modified affirmed with costs.*