SAMUEL WEINTRAUB *vs.* L & F REALTY CO. INC.
(and a companion case[1]).

Worcester.   September 28, 1954. — November 4, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Adverse Possession and Prescription.   Equity Jurisdiction,* Plaintiff's
clean hands, Trespass.  *Equity Pleading and Practice,* Appeal, Decree.

An easement in favor of a parcel of land as against an adjoining parcel
could not arise by prescription in less than twenty years after sever-
ance of a common ownership of both parcels.   [713]
A final decree in a suit in equity, although based by the trial judge on an
erroneous ground, will be sustained by this court on appeal if it is
correct on another ground.   [713]
A suit in equity could not be maintained for removal from a common
passageway of a stairway of the defendant which interfered with
the plaintiff's right of passage where it appeared that the plaintiff
was maintaining in the passageway a platform which interfered at
least as much with the defendant's right of passage.   [713–714]

TWO BILLS IN EQUITY, filed in the Superior Court on May 8, 1951, and July 2, 1951, respectively.

The suits were heard by *Giles,* J.

In this court the cases were submitted on briefs.

*Berge C. Tashjian & Arnold J. Miller,* for L & F Realty Co. Inc.

*Henry R. Sher & Gene J. Balcom,* for Weintraub.

SPALDING, J.   These are two suits in equity.   In one, hereinafter called the first case, the plaintiff Weintraub

---

[1] The companion case is by L & F Realty Co. Inc. against Samuel Wein-
traub.

sought the removal of a fence built by the L & F Realty Co. Inc. (hereinafter called the realty company) at the end of a passageway over which each had a right of way. In the other, hereinafter called the second case, the realty company sought the removal of a stairway in the passageway which was built by Weintraub.

In the first case a final decree was entered enjoining the realty company from maintaining any fence or structure which would interfere with the free and unobstructed use of the passageway, and adjudicating that each party could maintain the stairway which each had built in the passageway. In the second case a final decree was entered dismissing the bill. From each decree the realty company appeals. It assails the decree in the first case only in so far as it permits Weintraub to maintain the stairway which he had built. And that is the sole question presented by the appeal in the second case.

The judge made findings of material facts and the evidence, which includes photographs of the passageway, is reported.

Facts found by the judge and by us are these. Weintraub is the owner of a parcel of land in Worcester, the front of which abuts on Water Street and the rear on Harding Street. The realty company owns an adjoining parcel which likewise abuts on both streets. On each parcel there is a building and between the buildings there is a passageway, eight feet six inches in width, which connects the two streets. Each parcel was acquired by its present owner in 1935. Prior thereto the Worcester County Institution for Savings owned both lots. The fee in the land of each party extends to the center line of the passageway, but there is granted in the deed to each a right of passing over the passageway, "subject to the right of the adjoining owner in said passageway."

At the time the parcels were purchased by the parties a wooden platform several feet high ran the full width of the passageway. Steps on both sides of the platform permitted persons to pass over the platform and through the passageway. Shortly after acquiring his parcel, Weintraub caused

an iron stairway to be built on his side of the passageway which led to the upper floors of his building. The stairway left space sufficient for passage between it and the center line of the passageway. Two years later the parties caused the wooden platform, which had deteriorated, to be torn down. The realty company then built a cement platform on its side of the passageway. This platform extends to the middle line of the passageway. There were steps on only one side of the platform and there was a railing on the further end. This structure thus prevented the exercise of the right of passage over the portion of the passageway owned by the realty company.

The judge concluded that each party by adverse use had acquired a prescriptive right to maintain the stairway and platform respectively. But this conclusion was erroneous, for down to 1935 both parcels, as stated above, were under common ownership. Obviously down to that time there could have been no adverse use which could ripen into a prescriptive right. *Johnson* v. *Jordan*, 2 Met. 234, 239. *White* v. *Chapin*, 12 Allen, 516, 518. *Oldfield* v. *Smith*, 304 Mass. 590, 593. *Ramos* v. *Mello*, 328 Mass. 320, 322. Adverse use could begin only after a severance of the common ownership in 1935, but the time that has elapsed since then is· insufficient to create an easement by prescription. G. L. (Ter. Ed.) c. 187, § 2.

The decrees, however, although resting on an erroneous ground, may nevertheless be sustained. *Weidman* v. *Weidman*, 274 Mass. 118, 125. We assume that the stairway erected by Weintraub, which protruded more than two feet into the passageway, was an interference with the realty company's easement. *Gerrish* v. *Shattuck*, 128 Mass. 571, 574. *Dickinson* v. *Whiting*, 141 Mass. 414, 417. *Gray* v. *Kelley*, 194 Mass. 533, 535. Compare *Geragosian* v. *Union Realty Co.* 289 Mass. 104, 106. But in the circumstances the realty company is in no position to invoke the aid of a court of equity, for it is maintaining a similar structure on its side of the passageway which interferes at least as much with Weintraub's easement. In *Loud* v. *Pendergast*, 206

Mass. 122, the plaintiff sought to enjoin the defendant from violating a building restriction which the plaintiff had herself violated, and it was held for this and other reasons that she was not entitled to relief. What was there said at page 124 is pertinent here. "Where a plaintiff has violated the very restriction he seeks to enforce to substantially the same extent and in the same general way as has the defendant, and there is no material difference in kind or degree between them, a court of equity will not ordinarily interfere. . . . Such a plaintiff is not in a position justly to complain, for he does not come into court with clean hands respecting the precise subject as to which he invokes relief, nor has he complied with the maxim that he who seeks equity must do equity."

*Decrees affirmed with costs of*
*these appeals.*