ARCHIE LOOSIAN & another *vs.* EDWARD P. GOUDREAULT.

Essex.    December 6, 1956. — January 8, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Nuisance. Way,* Public: nuisance.

A landowner whose ownership extended to the center of an abutting public way was entitled in a suit in equity against the owner of adjacent land to a decree enjoining the defendant from permitting oil trucks to stand in front of the plaintiff's land on the side of the way next thereto while delivering oil into storage tanks located on the defendant's land close to the boundary between the lands.

BILL IN EQUITY, filed in the Superior Court on August 6, 1954.

The suit was heard by *Good,* J., on a master's report.

*John M. Hogan,* for the defendant.

*Frederick H. Magison,* for the plaintiffs, submitted a brief.

RONAN, J. This is an appeal from a final decree restraining the defendant from permitting oil trucks delivering oil to his premises to stand on Hilldale Avenue in front of the plaintiffs' premises.

The defendant was the owner of the triangular parcel of land bounded on the northwest by Bennington Street, on the south by Hilldale Avenue, and on the east by premises owned and used as their residence by the plaintiffs. The lots of both parties extend from Hilldale Avenue to Bennington Street. A store is located at the corner of Bennington Street and Hilldale Avenue while at the opposite or easterly end of the lot is a garage with underground tanks.

The defendant has for eighteen years dealt in fuel and range oil and stores forty thousand gallons of oil in underground tanks located by his easterly boundary which runs only ten feet away from the plaintiffs' dwelling. The defendant has a license to store sixty thousand gallons. The oil is delivered to these underground tanks by trailer-truck oil tanks owned and operated by an independent contractor. The overall length of those trailer trucks is from thirty-eight to forty feet. The trucks are driven up to the northerly or left hand side of Hilldale Avenue with the middle line of the vehicle about opposite the boundary line of the lands owned by the parties. This brings the front of the truck which is facing east only about eight feet west of the walk which leads from the front of the plaintiffs' house to the street. It takes from thirty-five to forty-five minutes to empty a truck. Deliveries are usually made before six o'clock in the afternoon. During the years 1954 and 1955 up to December 7, 1955, over six hundred tanks full of oil were delivered. The trucks could be emptied upon the defendant's premises in the space to the east of the store located on the apex of the triangular parcel of land, but

that method would not be so convenient for the defendant and besides, to drain the trailer tank in that place, it would take longer to empty if its rear is higher than its front. At times oil dripping from the hose from the truck caused a circular spot about two feet in diameter which was located on the sidewalk near the boundary line.

The master found that in the warmer weather the odor of oil annoys the plaintiffs, and he also found that oily odors came from the discharging of the trucks, the storage of the oil, and the operation of the pumps, but he was not able to find what proportion comes from each source. At times in hot weather the odor of oil makes it necessary for the plaintiffs to close the windows on the westerly side of their house. The master further found, unless as matter of law the acts of the defendant were unreasonable and improper, that such did not constitute a nuisance. Whether a nuisance existed was a question of fact, *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, *Godard* v. *Babson-Dow Manuf. Co.* 313 Mass. 280, 285; and the court is empowered to draw inferences of fact from the findings of the master, and reach a different conclusion if satisfied he was plainly wrong. The judge properly found he was.

The suit was tried upon the theory that Hilldale Avenue was a public highway and that the ownership of the parties extended to the center of the way. *Rice* v. *County of Worcester*, 11 Gray, 283, note. *Boston* v. *Richardson*, 13 Allen, 146. *Salem* v. *Salem Gas Light Co.* 241 Mass. 438. The public have an easement of passage with whatever powers and privileges are necessarily implied as incidental to its exercise. One of these paramount purposes of a way is either travel to a particular lot abutting on the way or using the way as a thoroughfare to reach some point beyond. The easement also includes the location of public utilities of various descriptions which the advance of civilization may require. *Pierce* v. *Drew*, 136 Mass. 75. *Commonwealth* v. *Morrison*, 197 Mass. 199. *Commonwealth* v. *Surridge*, 265 Mass. 425. The test of the use of the way by a stranger against an abutter is reasonableness. For instance it was said in *Gaw* v.

*Hew Construction Co.* 300 Mass. 250, 255, that "One does not create a nuisance who obstructs a way if, as appears in the instant case, the obstruction is not for an unreasonable length of time, is reasonably necessary for the transaction of business and does not unreasonably interfere with the rights of the public." See *Smith* v. *Locke Coal Co.* 265 Mass. 524.

It was stated in *Opinion of the Justices,* 297 Mass. 559, at page 564, "Whatever cannot be justified as incidental to travel is a violation of the rights of the abutting landowner in the ordinary case where he owns the fee of the public way, and is also an obstruction to the right of travel by the public. There is much parking along highways which is in excess of the easement of travel and is a trespass against the abutting landowner. It commonly escapes being challenged in court, perhaps because of its fugitive nature or the difficulty of identification of the particular offender or for other reasons. It is hard to draw the line between temporary stops of automobiles which are incidental to travel and therefore lawful, and the occupation of a part of the public way which is not incidental to travel and cannot be permitted even by legislative act against the protest of the owner of the fee." *Opinion of the Justices,* 300 Mass. 602, 606. See *Cumberland Corp.* v. *Metropoulos,* 241 Mass. 491; *Nugent* v. *Melville Shoe Corp.* 280 Mass. 469; *Godard* v. *Babson-Dow Manuf. Co.* 313 Mass. 280; *Weltshe* v. *Graf,* 323 Mass. 498; *Malm* v. *Dubrey,* 325 Mass. 63.

*Decree affirmed.*