LAWRENCE E. DELCONTE *vs.* ANTOINE A. SALLOUM.

Plymouth.   February 5, 1957. — June 5, 1957.

Present:   WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN
WHITTEMORE, & CUTTER, JJ.

*Easement.   Way,* Private:  creation, extent, infringement.

A deed bounding the granted land by the line of a private way shown on
a recorded plan gave the grantee an easement of travel over all of the
way.  [187–188]

Establishment of an apparently permanent parking area on the south
half of an east-west forty foot private way by one leasing the area from
the owner of the fee in the south half of the way, and habitual parking
of motor vehicles in the area, constituted a wrongful interference with
an easement of travel over the entire width of the way appurtenant to
a lot on the north side of the way, notwithstanding the facts that the
south half of the way, except for the parking area, had always been
and still was physically impassable by vehicles and not readily pass-
able by foot, that all traffic over the way had always travelled on its
north side, and that the parking area under existing conditions did
not physically interfere with the exercise of the easement.  [189]
WILLIAMS, WHITTEMORE, and CUTTER, JJ., dissenting.

BILL IN EQUITY, filed in the Superior Court on August 12,
1954.

The defendant appealed from the final decree entered by
order of *Murray,* J.

. In this court the case was argued before *Wilkins,* C.J.,
*Spalding, Williams, Counihan,* & *Whittemore,* JJ., and after-
wards was submitted on briefs to all the Justices.

: *Charles C. Worth,* for the defendant.

No argument nor brief for the plaintiff.

COUNIHAN, J.   This bill in equity arises out of a contro-
versy between the plaintiff and the defendant over their
respective rights in the southerly half of Old Beach Road,
a private way, in the Manomet Bluffs section of Plymouth.
The suit was referred to a master who filed a report which
was confirmed.   The suit was later heard on two occasions

by judges of the Superior Court, each of whom made reports of material facts found by him. Only the second report is presently material. There is no report of the evidence.

From the report of the master it appears that Old Beach Road, a private way, ran from Manomet Avenue, formerly Grove Street, easterly to a beach. It is shown on a "Plan of cottage lots at Manomet Bluffs" surveyed in 1872 and recorded in Plymouth County registry of deeds. The plaintiff is the owner of lot 7 on this plan which is bounded northerly by Beach Road (Old Beach Road). William M. Bogart and Olive Bogart are the owners of lots 8, 9, and 10 which are bounded northerly by Old Beach Road. The defendant is the owner of lot 31 which is bounded southerly by the northerly line of Old Beach Road, opposite lots 8 and 9. Old Beach Road, the private way, is shown on the plan as forty feet wide.

On August 29, 1953, the Bogarts leased to the plaintiff practically all of the southerly half of Old Beach Road opposite lot 31, the land of the defendant. Much of this area consisted of a sandy bank with growing bushes so that the plaintiff had to dig away a bank of sand about three feet in height and fill in the area with gravel before it could be used as a parking space. This lease was subsequently extended to September 1, 1955, and was subject to existing rights of way of record. We are informed that this lease has been extended to September, 1957.

From the time the plaintiff cleared the leased area the defendant has parked his automobile in this area and maintains that he and the general public have a right by reason of prescriptive use to do so. The plaintiff contends that, by virtue of the lease from the Bogarts, only he and his guests have a right to park automobiles in the area. The defendant has removed "no trespassing" signs placed in the leased area by the plaintiff and a notice posted by him to prevent an acquisition of an easement. G. L. (Ter. Ed.) c. 187, § 3. The defendant also removed a rope and pole barrier enclosing the leased area which had been erected by the plaintiff.

Up to 1900 Old Beach Road was used by farmers to haul wood in carts drawn by horse or oxen to the beach where it was loaded onto boats for shipment to Boston. Farmers also used this way to get to the beach with their carts to collect seaweed to be used for fertilizer. That part of the way travelled upon was north of the area leased to the plaintiff and was a cart path about eight feet wide. During World War II the army used a corduroy road of railroad ties, eight to ten feet wide and located entirely on the northerly side of Old Beach Road. Because of the sand bank on the southerly side of this way, all traffic over the road from early times to the time of the master's report has been over the northerly side of the road. That portion of Old Beach Road south of the middle line thereof, with the exception of that portion dug out for a parking space by the plaintiff, has always been and still is impassable by vehicles of any kind, particularly automobiles, and, because of the height of the bank and the underbrush growing there, is not readily passable by foot.

The master found that this part of Old Beach Road is a private way and that the general public have not acquired any prescriptive rights to use such way.

The master made "General Findings" to some of which the defendant filed written objections which became exceptions. Rule 90 of the Superior Court (1954). After hearing, by an interlocutory decree a judge of the Superior Court before whom this suit first came overruled the exceptions and confirmed the master's report on October 5, 1955. On January 27, 1956, this judge made "Findings of Fact and Order for Decree" which as we have said we do not consider.

Another judge of the Superior Court later allowed an amendment to the bill alleging that the lease to the plaintiff was renewed for a period of one year from September 1, 1955, upon the same terms and conditions as in the original lease. After further hearing the second judge found that the lease had been extended for a period of one year from September 1, 1955, and on March 2, 1956, a final decree was

entered which reads in part: "(1) That the defendant, his agents, servants, employees and licensees be and each of them are hereby enjoined, during the term of the certain lease between Olive Bogart and William M. Bogart, as lessors, and the plaintiff, as lessee, made on August 29, 1953, and extended on July 9, 1954, and renewed on August 29, 1955, and during any further renewal or extension, from parking motor vehicles, and from interfering with the parking of motor vehicles by the plaintiff, his agents, servants, employees or licensees, on or upon the following described premises . . . [the land leased by the Bogarts to the plaintiff] being an area referred to as the 'Parking Area' on the plan entitled 'Plan of Churchill's Landing, July 20, 1954,' annexed hereto and made a part hereof. (2) That the defendant, his agents, servants, employees and licensees, and each of them, be and they are hereby enjoined, during the term of said lease as extended or renewed, and during any further renewal or extension thereof, from removing or disturbing any signs erected on that part of said leased premises which lies outside the bounds of the private way known as 'Old Beach Road.' (3) That the defendant pay to the plaintiff costs, to be taxed as at law, in the sum of twenty-eight dollars and fifty cents ($28.50)."

On May 16, 1956, the second judge filed a report of material facts in which he only found that the lease had been extended for a term of one year from September 1, 1955.

The suit comes here upon an appeal by the defendant from the final decree. We are of opinion that there was error.

It is plain from the findings of the master that in the deed to the Bogarts lots 8, 9, and 10 are described as bounded "On the north by Old Beach Road" and that in the deed to the defendant lot 31 is described as bounded by the northerly line of the private way Old Beach Road. It was said in *Casella* v. *Sneierson*, 325 Mass. 85, at page 90, "we think it must be regarded as settled in this Commonwealth that a description which bounds property by the side line of a way is no less effective to give the grantee an easement

in the way . . . than a description which bounds the property *by* or *on* a way." *Patterson* v. *Simonds*, 324 Mass. 344, 352, and cases cited.

While it is undoubtedly true that the Bogarts by their deed acquired title to the fee in the southerly half of Old Beach Road, *Gray* v. *Kelley*, 194 Mass. 533, 536, *Erickson* v. *Ames*, 264 Mass. 436, 443–445, *Suburban Land Co. Inc.* v. *Billerica*, 314 Mass. 184; see *Teal* v. *Jagielo*, 327 Mass. 156, such fee was necessarily subject to the easement the defendant acquired by his deed to pass and repass over all of Old Beach Road to the beach. We do not pause to determine whether the Bogarts could lease their fee in the southerly half of this private way to the plaintiff, see *Greene* v. *Canny*, 137 Mass. 64, because in our view of the situation it is immaterial.

The real question presented is whether or not the easement in the southerly part of Old Beach Road which the defendant acquired by his deed has been extinguished. This could only be accomplished by grant, release, abandonment, estoppel or prescription. No facts appear in the record to show a grant or release of his easement by the defendant.

"Whether there is an abandonment is ordinarily a question of intention." *Les* v. *Alibozek*, 269 Mass. 153, 158–159. See *Dyer* v. *Siano*, 298 Mass. 537, 541–542; Restatement: Property, § 504, comment c. Nonuse does not of itself produce an abandonment no matter how long continued. *Arnold* v. *Stevens*, 24 Pick. 106, 113. Restatement: Property, § 504, comment d. No facts appear in the record to show any intention by the defendant to abandon his easement.

There likewise appears nothing in the record to indicate that the defendant by his conduct is estopped to assert the existence of his easement, Restatement: Property, § 505; and it is also true that no adverse possession by the Bogarts necessary to extinguish the easement appears in the record (§ 506).

We think it appropriate to direct attention to what is

said in Am. Law of Property, § 8.102. "A use of the servient tenement, to have the effect of extinguishing an easement in it . . . must be wrongful . . . . To be wrongful it must be of such a nature as to give rise to a cause of action in favor of the owner of the easement. To do this it must either interfere with a use under the easement or have such an appearance of permanency as to create a risk of the development of doubt as to the continued existence of the easement." Compare *Patterson* v. *Simonds,* 324 Mass. 344. The maintenance of the parking area by the plaintiff, we believe, constitutes an interference with the use of the easement owned by the defendant and at least it has such an appearance of permanency as to create a risk of doubt as to the continuance of the easement. The actions of the defendant concerning the parking area were no more than a disavowal of acquiescence in the wrongful use of the way by the plaintiff over which the defendant had an easement of travel.

We think that the facts in the case at bar are similar to those in *Gray* v. *Kelley,* 194 Mass. 533, where it was said at page 535, "The deeds give a right to have a way, in common with others, whose limits and boundaries are defined, all of which is appropriated and set apart for this use. We think that the language quoted from the deeds . . . requires that the way, throughout its entire width, should be left unobstructed." *Gerrish* v. *Shattuck,* 128 Mass. 571, 574. *Dickinson* v. *Whiting,* 141 Mass. 414, 417. *Ampagoomian* v. *Atamian,* 323 Mass. 319, 322. The fact that there still remains room for vehicles to pass and repass to the beach does not render the habitual parking of vehicles on this private way any less a nuisance to the defendant. See *Loosian* v. *Goudreault,* 335 Mass. 253.

The final decree is incorrect because it is tantamount to a destruction of the easement of the defendant in the southerly half of Old Beach Road.

Our attention has been brought to a statement in *Makepeace Bros. Inc.* v. *Barnstable,* 292 Mass. 518, at page 525, that "When a right in the nature of an easement is in-

capable of being exercised for the purpose for which it is created the right is considered to be extinguished." Taken out of context this seems to be inconsistent with what we have said herein. But in that case it was held that the easement was created for a limited purpose, that of helping the whaling industry on Cape Cod, and that when that industry became extinct the easement was lost. In other words, where the easement is stated to be for a limited purpose it is limited to the purpose stated. That is not the situation in the case at bar so the quoted language is inapplicable.

Nothing we have said herein is intended to permit the defendant to park his automobile in any part of Old Beach Road so as to interfere with the right of others to pass and repass over this road. He has no such right.

But as we have said, the real issue here is the interference with the defendant's easement by the establishment of the parking area by the plaintiff. We hold that this interference is wrongful. We do not consider any other appeal of the defendant. Accordingly the final decree must be reversed and a new final decree be entered dismissing the bill with costs of this appeal to the defendant.

*So ordered.*

WHITTEMORE, J. The defendant's sole right in the excavated, recessed parking area is to travel over it to the beach when it is feasible to do so. He has no right to park there. *Loosian* v. *Goudreault*, 335 Mass. 253. The plaintiff while holding title to the area under lease has a right to use the land in any way which does not interfere with the defendant's right. *Merry* v. *Priest*, 276 Mass. 592, 600. *Carter* v. *Sullivan*, 281 Mass. 217, 225. *Perry* v. *Hewitt*, 314 Mass. 346, 350. See *Ampagoomian* v. *Atamian*, 323 Mass. 319, 322. The defendant can presently make no use of the area in the exercise of his easement. The present use of the area for parking by the plaintiff and those claiming under him does not physically interfere with the defendant's right. Its continuance under present conditions,

after an opinion and decree herein which would remove any suggestion that such continuance could operate adversely to the easement, cannot injure the defendant. I see no basis therefore for the conclusion that it is error to enjoin the defendant's wrongful parking under an appropriate decree, or for the indication of the opinion that those having title to the land may not use it even though the use does not in fact interfere with the exercise of the easement. It does not appear necessary, in stopping a possible erosion of the legal basis of the easement, to withdraw the area from any practical use for an indefinite period. Certainly the plaintiff's parking is not under existing conditions a nuisance in fact to the defendant.

I think the final decree should be modified by changing the last clause of the first paragraph of (1) to read, "and, so long as the south part of the way is because of its physical aspects unavailable for the passage of persons or vehicles to and from the beach, from interfering with the parking of motor vehicles by the plaintiff, his agents, servants, employees or licensees, upon the following described premises:" and as so modified should be affirmed.

Mr. Justice Williams and Mr. Justice Cutter concur in this opinion.