JAY J. SINDLER vs. WILLIAM M. BAILEY COMPANY.

Middlesex.   January 8, 1965. — March 1, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Way*, Private: abandonment. *Easement. Abandonment. Way*, Public:
establishment.

A finding that an owner of land north of a brook and abutting the north-
erly portion of a private way running southerly across the brook had
abandoned his easement in the way over land of others south of the
brook was warranted by evidence at a Land Court trial that during the
past thirty-five years a plank foot bridge across the brook had disap-
peared and had not been replaced, the brook had increased in width,
its banks were fifty feet apart at their tops and from six to twelve feet
high and rubbish lay in its bed, the use of the way over the land south
of the brook had been confined to the owners of that land, and they,
without protest from the owner of the land north of the brook, had
enclosed the way within their factory premises by a high chain link
fence or barred its entrance from a public way by a chain. [592–593]
In a Land Court case, a contention that a common predecessor in title of
the petitioner and of a respondent had "intended to dedicate . . . as a
[private] way open to the public use" an area shown as a way on a
plan and stated by him in a deed to be "forever . . . kept open for the
benefit of the owners of the lands adjoining," or that the public had
acquired rights in the area by prescription, was without merit where it
appeared that the municipality had never exercised dominion over the
area, that it had not been laid out or wrought on the ground as a way,
and that there had been no use of the area by the public for many years
and only intermittent use by the public previously. [593–594]

PETITION filed in the Land Court on May 23, 1962.

The case was heard by *McPartlin, J.*

*Philip R. White, Jr.,* for the respondent.

*John P. Donnelly* for the petitioner.

SPIEGEL, J.   This is a petition under G. L. c. 185 to reg-
ister title to land [the locus] in Malden "free and clear"
of claims to the use of a "paper street" (Abbott Street)
which lies within it.   The Land Court ruled that the street
is neither a public nor a private way, that the respondent

has "no rights of travel in and over" it, and that the peti-
tioner holds title to the locus "free of any easement of
travel over" the street ("subject . . . to any other matters
disclosed by the [title] examiner's abstract which are not
in dispute"). The respondent presents its exceptions to
the denial of its motion that the petitioner's prayer to reg-
ister the locus "free and clear" of claims to the use of the
street be denied, to the denial of most of its requests for
rulings, and to the decision of the Land Court. The deci-
sion incorporates all exhibits by reference.

We herein summarize the pertinent facts. The locus con-
sists of three parcels bounded on the north by Spot Pond
Brook, which, in this area, flows in an east-west direction.
That portion of Abbott Street which is the subject of this
dispute (hereinafter called the disputed area) cuts through
the locus up to Spot Pond Brook, thus separating the peti-
tioner's eastern parcel from his western parcels. Another
portion of Abbott Street continues northward from the
northern bank of the brook. In 1869 one Otis H. Weed
held title to all the land now comprising the locus and to the
land north of the brook. Thus, the respondent's title to a
parcel which is north of the brook and which abuts the
westerly side of Abbott Street derives ultimately from
Weed. On March 20, 1871, Weed conveyed a certain parcel
abutting the easterly side of Abbott Street north of the
brook by a deed referring to a plan of 1869 which shows
Abbott Street in solid lines crossing the brook. The deed
states that "Abbott Street is forever to be kept open and
unencumbered for the benefit of the lands bounded on the
same." In a deed dated October 26, 1870, Weed conveyed
a certain parcel to the petitioner's predecessors in title,
bounded on the north by the brook and on the west by "the
new street called Abbott Street." The deed stated that
"all of the above mentioned streets [including Abbott
Street] are forever to be kept open for the benefit of the
owners of the lands adjoining them."

Spot Pond Brook is wider than it was fifty years ago. It
has never been spanned at Abbott Street by a bridge used

by vehicles. Until about 1935 there were wooden planks placed across the brook at Abbott Street and used by people in the vicinity to cross the brook. Since the erection of a bridge a short distance east of the locus there has been no crossing of the brook at Abbott Street. Today the distance between the top of the banks is about fifty feet. The height of the north bank is between ten and twelve feet, and that of the south bank between six and eight feet. Rubbish lies in the brook's bed. The disputed area has been confined largely to the use of the owners of the locus for the past thirty-five years. Since 1935 there has been no use of it made by the public, and prior thereto public use had been intermittent.

A factory building has been in use on the eastern parcel of the locus for over forty years. During this period cars and trucks have been constantly driven over the disputed area for access to the factory. The area has also been used for the parking of cars and trucks during the working day. Between 1942 and 1946 a high chain link fence enclosed the factory and approximately all of the disputed area. From 1946 to 1954 a chain was placed across the front of the disputed area which abuts a public way to prevent use of the area by persons other than those working in the factory or having business there.

The disputed area has never been accepted by the city of Malden as a public way. There are no curbstones, sidewalks or street lights within it. The city has never repaired or maintained it and has never removed snow therefrom. In 1920 someone placed gravel on a portion of the area. Several years ago, the petitioner covered it and other portions of the locus with "asphalt macadam." The disputed area has never been laid out or wrought on the ground as a way.

The respondent filed eleven requests for rulings, all but one of which were denied.[1] We do not here discuss them

---

[1] The Land Court granted the following request for ruling: "[t]hat the rights of the public in Abbott Street as an accepted street, as a dedicated street or as a way acquired by prescription will not be extinguished by mere

separately inasmuch as the respondent does not specifically argue them in its brief. The respondent contends that Otis H. Weed, as the original, common grantor of title to both parties, established Abbott Street as "an easement of way in favor of the abutters thereon extending for the full length thereof," and that the respondent has acquired rights therein. We assume, without deciding, that an easement was created in Abbott Street as the respondent contends. However, we think that the respondent's right to such an easement in the disputed area has been abandoned. Abandonment is a question of intention. *Desotell v. Szczygiel,* 338 Mass. 153, 158, and cases therein cited. It can be shown by acts indicating an intention never again to make use of the easement in question. Am. Law of Property, § 8.97. Restatement: Property, § 504, comment c. Tiffany, Real Property (3d ed.) § 825. In the

non-user." The Land Court denied the following requests for rulings: "1. that Abbott Street was accepted by the City of Malden by the action of the Street and Water Commissioners in 1937, and no acts by petitioner or any other person have affected the status of Abbott Street as a duly accepted public way. 2. that Abbott Street was dedicated as a public street in the City of Malden, and no acts by the petitioner or any other person have affected the status of Abbott Street as a public street. 3. that the public has acquired rights by prescription in Abbott Street, City of Malden, as a result of using the land for a period in excess of twenty (20) years, and no acts of the petitioner or any other person have affected the rights of the public in Abbott Street. . . . 5. that the respondent, William M. Bailey Company, as an abutter on Abbott Street has the right to use in common with other persons entitled Abbott Street for all purposes for which ways are used in the City of Malden. 6. that Abbott Street was dedicated as a public way by the action of Otis H. Weed, the original developer of the whole tract by describing and showing it on a series of plans as evidence of his intention to so dedicate Abbott Street. 7. that Abbott Street was dedicated to the use of the abutters by the action of Otis H. Weed, the original developer of the whole tract, by describing and showing it on a series of plans together with the reservation in deeds as evidence of his intention to so dedicate Abbott Street. 8. that the rights of William M. Bailey Company in said Abbott Street can be extinguished only by a use by the petitioner adverse to its rights continuing uninterrupted for a period of twenty (20) years. 9. that William M. Bailey Company because its land bounds on Abbott Street by implication of law has the right to use Abbott Street for its entire length. 10.. that where a deed appearing in the chain of title of the petitioner who seeks to register his land free and clear of a street describes the land as bounded by 'the new street called Abbott Street' and provides that 'all of the above-mentioned streets are forever to be kept open for the benefit of the owners of the lands adjoining them,' the petitioner seeking registration is estopped to deny the existence of the street and the land must be registered subject to the rights of those persons owning lands adjoining Abbott Street. 11. that there must be a finding for the defendant."

*Desotell* case, *supra,* we said that abandonment of an ease-
ment could not be shown merely from nonuse by the domi-
nant owners for many years "coupled with their failure to
clear the right of way of its natural cover of trees and
brush" (at 159). The existence of a dump located on the
way was not shown to interfere with the use of the way or
to have such an appearance of permanence as to create a
doubt regarding the continued existence of the easement.
*Id.* at 159–160.

However, in our view, the case at bar is a much more con-
vincing instance of abandonment than the *Desotell* case.
Here, the respondent must cross Spot Pond Brook in order
to use the disputed area for access to its land which abuts
the northern segment of Abbott Street. It appears, how-
ever, that the wooden planks which spanned the brook at
Abbott Street in 1935 have disappeared, and that, since
then, the brook has been increased in width and there has
been no bridge at that critical point. The banks of the
brook are from six to twelve feet high. Rubbish lies in the
brook's bed. Furthermore, the respondent and its prede-
cessors in title have stood by while the disputed area has
been confined to the use of the owners of the locus during
the past thirty-five years. It apparently acquiesced in the
construction of a high chain link fence which enclosed the
disputed area for a few years, and in the subsequent placing
of a chain across the entrance to the disputed area to pre-
vent its use by persons other than those working or hav-
ing business in the factory on the petitioner's premises.
Thus, for a period of over thirty-five years, the respond-
ent has permitted the occurrence of events and relatively
permanent changes in the disputed area, all of which com-
bine to warrant an inference that it has abandoned its
rights to the easement in question.

We see no merit in the respondent's further contention
"that Otis H. Weed intended to dedicate Abbott Street as
a [private] way open to the public use." There are no
facts to support an inference of dedication to public use,
see *Longley* v. *Worcester,* 304 Mass. 580, 587–588; *Loriol* v.

*Keene,* 343 Mass. 358, 360–361; or of the acquisition of rights in the public by prescription. See *Sullivan* v. *Worcester,* 232 Mass. 111, 115; *Gower* v. *Saugus,* 315 Mass. 677, 682; *Ivons-Nispel, Inc.* v. *Lowe,* 347 Mass. 760, 761–762; Powell, Real Property, § 934.

The foregoing discussion takes into consideration the denial of the respondent's requests for rulings as well as its exceptions to the denial of its motion and to the decision of the Land Court. There was no error.

*Exceptions overruled.*