MICHAEL PARLANTE & another *vs.* MARGUERITE B. BROOKS. March 2, 1973. This case comes before us for the second time. The parties are owners of abutting property on the north side of Main Street in Wellfleet. Record title shows that the plaintiffs' land has the benefit of a right of way over land owned by the defendant. The defendant asserts that the easement has been abandoned. A 1969 report of the master was confirmed, a final decree was entered in favor of the defendant and the plaintiffs then appealed. When that appeal came before this court, in 1971, we concluded that the findings of the master were "inadequate on what appears to be the controlling issue in the case, namely, abandonment," and by an order we remanded the case for rehearing on the issue of abandonment. A further hearing was then held before the master who made additional subsidiary findings and the ultimate finding that the easement was abandoned. The plaintiffs excepted to that ultimate finding. The master's report after recommittal was confirmed, and a final decree was entered declaring that the plaintiffs have no existing easement over the defendant's land and enjoining the use by the plaintiffs of the driveway on the defendant's land. The plaintiffs have appealed from the decree confirming the report of the master after recommittal and from the

final decree in favor of the defendant. It is well settled that an easement may be lost by abandonment, but abandonment is a question of intention. *Sindler* v. *William M. Bailey Co.* 348 Mass. 589, 592. Mere nonuse of an easement does not of itself constitute abandonment. *Desotell* v. *Szczygiel,* 338 Mass. 153, 158–159. Abandonment "can be shown by acts indicating an intention never again to make use of the easement in question." *Sindler* v. *William M. Bailey Co., supra,* 592. The issue is whether the subsidiary findings of the master support the ultimate finding of abandonment (and the final decree based on that finding). In our opinion the subsidiary facts found by the master do not support the conclusion that the easement has been abandoned. Although the findings of the master do support a conclusion that the easement had not been used for extended periods of time, they do not show any acts on the part of the plaintiffs or their predecessors in title which indicate an intention never again to use the easement. The fact that owners of the dominant estate may have parked vehicles on the right of way "but only by permission" of the owner of the servient estate does not show any intention to abandon the right to use the right of way for access to the dominant estate. The unexplained existence during all or some portion of 1922 of a fence across the right of way (at the street line) on the property now owned by the defendant does not show any intention to abandon the easement. Nor is such an intention shown by the "fact that the boundary between the land of the parties was fenced, or partially fenced, in various ways, from approximately the turn of the century until 1968 . . . ." In the absence of an indication of the nature of that fencing, the circumstances of its construction and the role, if any, played in its construction by the plaintiffs or their predecessors in title, no intention to abandon may properly be inferred from the existence of the fencing or partial fencing along the common boundary. The decree confirming the master's report after recommittal is modified by sustaining the plaintiffs' exception to the ultimate finding of the master concerning abandonment and by striking that finding from the report. As so modified, that decree is affirmed. The final decree is reversed, and a new final decree shall be entered in the Superior Court declaring that the right of way over the land of the defendant has not been abandoned and that the plaintiffs have a right of way along the easterly boundary line of the defendant's property.

*So ordered.*

*Roger A. Jackson* for the plaintiffs.