Moriarty, Cornelius J., J.
INTRODUCTION
The plaintiffs, James Mello and Catherine Clancy, brought a two-count complaint against the Town of Dighton (Town) seeking to quiet title (Count I), and for declaratory relief (Count II). They challenge the Town’s approval of a former railroad right-of-way for use as a walking trail.
Trial was had before the undersigned, sitting without jury, on March 28, 2013. Based on the credible evidence and the reasonable inferences drawn therefrom, the court makes the following findings of fact and rulings of law.
FINDINGS OF FACT
James Mello and Catherine Clancy, brother and sister, own a large tract of farmland in the Broad Cove area of Dighton. The property is located on the westerly side of Pleasant Street. The Mello family has farmed the land for over forty years. The former Old Colony Railroad (Railroad) track bisects and runs parallel to the plaintiffs’ land. The plaintiffs’ property abuts the former railroad tracks on both the easterly and the westerly side of the tracks.
This case involves the parties’ respective rights to two parcels of land, which were portions of the former Railroad line. The two parcels of land at issue are shown on the Dighton Assessors’ Map 24 as “Lot 82" and ’’Lot 83" respectively.
In the late 19th centuiy, the Railroad purchased certain tracts of land in fee simple and obtained rights-of-way over other land in order to construct a railroad track running through the Broad Cove area of Dighton to the Somerset town line. A number of deeds obtained by the Railroad allowed the sellers of the properties to cross the tracks in order to access their land. The parcels acquired by the railroad were contiguous to one another, of the same approximate width, and of varying lengths. Lot 82 is approximately 82 feet wide and 536 feet long and comprises a little over an acre. Lot 83 is approximately 82 feet wide and 852 feet long and consists of a little less than two acres.
The Railroad’s property interest in Lot 82 was derived from a deed from Noah Chace and Edmund Buffington to the Dighton and Somerset Railroad Company, dated January 21, 1865 and recorded with the Registry of Deeds in book 274, page 216. The deed conveyed a fee simple interest in the described parcel to the Railroad with easement rights retained by the grantor as set forth in the deed. The deed provided that the Grantor (the plaintiffs’ predecessor in title) re *597 served a right of way, at grade, on the north side of said conveyed land. The plaintiffs have utilized their easement over the railroad tracks to pass onto their land with farm equipment in order to farm their land.
The plaintiffs own a portion of Lot 83 in fee simple. In 1867, the Railroad obtained an easement to cross over Lot 83. The Railroad’s easement derived from a deed from Cyrus Talbot et al. to the Old Colony and Newport Railway Company dated September 26,1867, and recorded with the Registry of Deeds in book 289, page 246. The deed contains the following recitation by the grantor: “. . . hereby give, grant, bargain, sell and convey unto the said Old Colony and Newport Railway Company, its successors and assigns, the full right and liberty, free from all claims for damages therefore by us, our heirs or assigns, to construct, maintain, and use a railroad upon and over the following described parcel of land in said Dighton . . .” It further recites: “to have and to hold the above described premises with all the rights and privileges necessary for the lawful enjoyment of the granted right and liberty to construct a railroad through and upon the same to the said Old Colony and Newport Railway Company, its successors and assigns to its and their use and behoof forever.”
In 1945, the Railroad filed for bankruptcy. On September 25, 1945, the Railroad’s Bankruptcy Trustees (Trustees) deeded its interest in eleven (11) separate parcels of land by deed (the Railroad Deed) to the Town. The Railroad Deed was recorded with the Bristol County Northern District Registry of Deeds in book 896, pages 404 through 406. The parcels were designated as Parcels 1-11. Parcel 3 correlates with Lot 82. Parcel 9 correlates with Lot 83.
As to Parcel 9 (Lot 83), the Railroad Deed stated as follows:
And for the same consideration ($100) the said Trustees release to said Town of Dighton all their right, title and interest in and to those six parcels of land situated in said Town of Dighton and delineated and shown on said plan as Parcels Nos. 6 to 11 inclusive, and bounded and described as follows:
. . . Parcel No. 9 . . .
Said Premises are conveyed together with all the privileges and subject to all conditions, reservations and restrictions of record.
The Railroad Deed contained the following language: “Whereas the property hereinafter described is not needed in the operation of said railroad or in the conduct of the business of said Railroad Companies and the Grantors are authorized to sell the same free from liens . . .” Appended to the Railroad Deed were minutes from the meeting of the Trustees which recited as follows: “Whereas, the operating officers having approved the sale of the property of the Old Colony Railroad . . . which property is not needed in the operation of the railroad . . . and is not required for other railroad purposes, the railroad formally operated thereon having been lawfully abandoned . . .”
By virtue of the Railroad Deed, the Trustees deeded Lot 82 to the Town and released to the Town “all their right, title and interest in and to . . . (Lot 83).” It states that the Town takes any rights in the land subject to the “the privileges and ... all conditions, reservations and exceptions of record.”
Since 1945, the railroad track was not only abandoned for use as a railroad but the Town did nothing else with the land. It constructed no buildings or structures on the property and neglected to maintain it.
In 2009, an Eagle Scout approached the Town and asked for permission to clear a walking trail along the old railroad bed. He applied to the Massachusetts Department of Environmental Protection for permission to build the trail along the tracks that run directly over Lots 82 and 83. The application was made to the Town as the owner of the land where the trail was to be located. On April 8, 2009, the Town’s Conservation Commission approved the project subject to certain conditions.
The conditions allowed for the removal of brush and dead limbs and woody debris only to the width necessary to allow safe passage for people walking a maximum of four abreast and the building of the bench in the viciniiy of Broad Cove.
The plaintiffs immediately protested and sent two letters to the Town demanding it cease and desist with the proposed construction on the basis that the Town did not own a fee simple interest in Lot 83 and because the Railroad, its predecessor in title, possessed an easement only for the specific purpose of constructing, maintaining and operating a railroad. Despite the plaintiffs’ protest the Town allowed the construction of the trail to proceed.
Local boy scouts cleared the railroad path and constructed a walking path known as “Broad Cove Nature Trail (Trail).” The Trail passed over Parcels 82 and 83. It was completed in August 2009 and consists of a gravel pathway approximately four to five feet in width at an elevation either level with or slightly higher than the abutting land.
The Trail has been used by members of the public for walking, hiking and other recreational purposes and thus has allowed pedestrians to pass over Lots 82 and 83. Since the construction of the Trail, the plaintiffs have suffered the theft of a harrow, destruction of some beehives and encountered people camping on their land.
The plaintiffs maintain that the establishment of the Trail interferes with their easement to cross over Lot 82. With respect to Lot 83, the plaintiffs allege that the easement has been abandoned and thereby extinguished and, in any event, the establishment of the *598 Trail is not within the scope of the easement granted by the plaintiffs’ predecessor in title. The Town, for its part, argues the easement that was conveyed to the Railroad was thereafter conveyed to the Town and is a valid, perpetual easement and that the establishment of the Trail was within the scope of the easement.
DISCUSSION
The plaintiffs seek a declaratory judgment. Under G.L.c. 231 A, §1, this Court may make a declaratory judgment “either before or after a breach or violation thereof has occurred in any case in which any actual controversy has arisen ...” ‘To maintain an action for declaratory judgment, a parly must demonstrate the existence of (1) an actual controversy in the pleadings and (2) legal standing. Massachusetts Ass’n of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 292 (1977). ”An actual controversy exists where there is a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter ..." Gay & Lesbian Advocates & Defenders v. Attorney General, 436 Mass. 132, 134 (2002). Here all parties agree that a declaratory judgment is an appropriate means for resolution of the dispute.
1. Lot 82
The Town owns lot 82 in fee simple absolute. The plaintiffs maintain the construction of the Trail over Lot 82 directly infringes on their farming easement. They allege that the Trail land locks their land to the west of the trail and that its use by pedestrians interferes with the plaintiffs ability to access and farm their land.
It is true that the Trail runs directly over the plaintiffs’ Lot 82 easement which they utilize to access their farmland with heavy farm equipment and machinery. However, I am not persuaded that the Trail in any way impedes the plaintiffs’ ability to cross and re-cross the old railroad bed. The Trail offers no physical barriers or impediments to the plaintiffs’ access and there is no credible evidence that the plaintiffs’ access has been interfered with.
2. Lot 83
With respect to Lot 83, the plaintiffs own a portion, pursuant to their deed, in fee simple. The Railroad acquired only an easement over the plaintiffs’ land. The first issue is whether or not the easement continues to exist or has been extinguished.
Generally, the party asserting the benefit of an easement has the burden of proving its existence, Boudreau v. Coleman, 29 Mass.App.Ct. 621, 629 (1990), its nature, and its extent. Hamouda v. Harris, 66 Mass.App.Ct. 22, 24 n. 1 (2006). However where the plaintiffs have affirmatively asserted that the easement had been extinguished, they bear the burden of proof. See New York Cent. R.R. Co. v. Swenson, 224 Mass. 88, 92 (1916).
The principles of abandonment are well established. Abandonment is a question of intent, and that intent must be established clearly. Desotell v. Szczygiel, 338 Mass. 153, 158 (1958). Intention is a question of fact. “In order to establish abandonment of easements . . . there must be acts by the owner of the dominant estate conclusively and unequivocally manifesting either a present intent to relinquish the easement or a purpose inconsistent with its further existence.” Dubinsky v. Cama, 261 Mass. 47, 57 (1927). Mere non-use, however long it continues, does not establish intent to abandon. Delconte v. Salloum, 336 Mass. 184, 188 (1957). Intent to abandon requires affirmative actions by the dominant owners inconsistent with use of the easement. The plaintiffs argue that the Trustees, intent to abandon the easement is clearly established by the language of the Deed and the Trustees, certification. The deed itself recites the following: “Whereas, the property hereinafter described is not needed in the operation of said Railroads or in the conduct of the business of said Railroad Companies ...”
The Trustees, Certificate was even more illuminating. It provided:
Whereas, the operating officers and the Chief Engineer have approved the sale of the property of the Old Colony Railroad Company, Debtor, hereinafter mentioned, which property is not needed in the operation of the railroad, or the New York, New Haven and Hartford Railroad Company, Debtor, or in the operation of the railroad of the Old Colony Railroad Company, Debtor and is not required for other railroad purposes, the railroad formerly operated thereon having been lawfully abandoned . . .
Resolved: That the trustees .. . execute and deliver a quitclaim deed for the consideration of $100, conveying to the town of Dighton, . . . those five certain parcels of land ... delineated and shown as parcels, numbers 1 to 5 inclusive . . .
Also releasing all are right, title and interest in those six other parcels of land delineated and shown on said plan as parcels, numbers 6 to 11 inclusive . .. Together with all the privileges and subject to all conditions, reservations and exceptions of record.
The Town counters that the language in the Railroad Deed expressed an intent to convey the railroad’s easement interest in Lot 83 to it. There is some force to that argument. Here the Railroad Deed recited that the Trustees granted Parcels 1-5 to the Town for the consideration of $100. It further recited (at variance with the Certificate) that, for the same consideration, the Trustees released to the Town all their right, title and interest in and to parcels 6-11. An easement is an interest in property. Thus, the Town says, these words clearly evidence the intent by the Trustees to convey *599 their easement interest in Parcel 9 (Lot 82) to the Town and do not constitute an abandonment.
‘The basic principle governing the interpretation of deeds is that their meaning, derived from the presumed intent of the grantor, is to be ascertained from the words used in the written instrument, construed when necessary in the light of the attendant circumstances.” Patterson v. Paul, 448 Mass. 658, 665 (2007), quoting Sheftel v. Lebel, 44 Mass.App.Ct. 175, 179 (1998).
Abandonment of an easement may be demonstrated by acts inconsistent with the continued existence of the easement. Parlante v. Brooks, 363 Mass. 879, 880 (1973), citing Sindler v. William M. Bailey Co., 348 Mass. 589, 592 (1965). “Abandonment is normally used to describe a situation in which a servitude has terminated because all beneficiaries have relinquished their rights to use an easement. . .” It can be shown by acts indicating an intention never again to make use of the easement in question." The 107 Manor Avenue, LLC v. Fontanella, 74 Mass.App.Ct. 155, 158 (2009).
Considering the language of the written instruments and the attendant circumstances, the facts support a conclusion that the subject easement has been abandoned and thus extinguished. The cessation of the railroad rendered the continued existence of the easement unnecessary. The Trustees conclusively and unequivocally demonstrated their intent never to make use of the easement by expressly abandoning the railroad and affirmatively stating that the property was not needed in its operations.
Proof that the Trustees had abandoned the easement ends the inquiry in this case and thus I need not decide whether the establishment of the Trail exceeded the scope of the easement.
ORDER FOR JUDGMENT
Judgment will enter for the plaintiffs declaring:
(1) the Trustees’ easement to cross over Lot 83 was abandoned and thereby extinguished;
(2) the Town lacked the authority to allow the construction of the Broad Cove Nature Trail over the portion of the plaintiffs’ land they own in fee simple in Lot 83; and,
(3) the Town is to cease and desist from the use of the Trail over the portion of the plaintiffs’ land they own in fee simple in Lot 83.