RICHARD S. FAY & others *vs.* SALEM AND DANVERS AQUEDUCT COMPANY.

Under a statute authorizing an aqueduct corporation to draw water from a great pond, and providing for the payment of damages suffered by any one by the taking and conducting the water, a riparian proprietor cannot recover damages for the injury occasioned by the taking of the water rendering his dwelling-house uncomfortable and unfit for the purposes for which it was designed.

PETITION to this court, under the Sts. of 1839, *c.* 114, and 1850, *c.* 273, for the appointment of commissioners to assess damages caused to the petitioners by the respondents drawing water for their aqueduct from Spring Pond, a pond of about sixty acres, whereby the dwelling-house of the petitioners, situated on the shores of the pond, would " become uncomfortable, and unfit for the purposes for which it was designed by the petitioners."

At the hearing, before *Gray*, J., the only title claimed by the petitioners in the pond was by virtue of deeds, made in this century, of lands around nearly half of the pond at the opposite end from the outlet, and bounded " by the pond," and the damages claimed were those stated in the petition. The respondents objected that the petition could not be maintained ; and the judge reserved the case by consent of parties, for the determination of the full court, according to whose opinion the petition was to be dismissed, or commissioners appointed, or such other order made as law and justice might require.

*J. G. Abbott*, for the petitioners.

*W. C. Endicott & L. S. Tuckerman*, for the respondents.

GRAY, J. By the law of Massachusetts, great ponds are public property, the use of which for taking water or ice, as well as for fishing, fowling, bathing, boating, or skating, may be regulated or granted by the Legislature at its discretion. Anc. Chart. 148, 149. *Cummings* v. *Barrett*, 10 Cush. 186. *West Roxbury* v. *Stoddard*, 7 Allen, 158. *Paine* v. *Woods*, 108 Mass. 160, 169. *Commonwealth* v. *Vincent*, Ib. 441. *Tudor* v. *Cambridge Waterworks*, 1 Allen, 164.

These petitioners, as the report finds, have no title in Spring Pond, except that derived from deeds of lands partly surrounding the pond on the side opposite the outlet, and bounded "by the pond." The title acquired by such deeds extended only to low-water mark, and did not affect the rights of the public in the pond. *Paine* v. *Woods*, 108 Mass. 160, 170, and cases cited.

The Legislature, as is admitted by the petitioners, had full authority to grant the right to an aqueduct corporation to take and conduct the water of the pond for the use of the inhabitants of towns in the neighborhood; making due compensation for any private property taken for this public use. See *Wayland* v. *County Commissioners*, 4 Gray, 500.

The Legislature has made such a grant to the respondents by the Sts. of 1839, *c.* 114, and 1850, *c.* 273. The "damages suffered by any person by the taking and conducting the water in the manner and for the purposes specified," for the assessment and payment of which these statutes provide, include only damages to rights of property which individuals have as against the public. The only ground upon which the petitioners claim damages in this case is that, by the taking and drawing off the water of the pond, their dwelling-house will become uncomfortable and unfit for the purposes for which they designed it. But the pond and the water therein belonged not to the petitioners, but to the public; and the Legislature, and the respondents acting under their authority, had the right to take and draw it off for the public use. And even if any other persons had had any right in the pond or in the land under it, which could have made the foundation of a claim for damages against the respondents, it is clear that, within the rule fully established by the decisions of the court in analogous cases, this injury to the petitioner's estate, no part of which has been actually taken by the respondents, although the market value thereof may be in some degree diminished, is not so immediate and direct a consequence of the construction of the aqueduct and the taking of the water as to be the subject of the assessment of damages under the statutes *Eames* v. *New England Worsted Co.* 11 Met. 570. *Fuller* v

*Chicopee Manuf. Co.* 16 Gray, 46. *Presbrey* v. *Old Colony &
Newport Railway Co.* 103 Mass. 1, 6. *Walker* v. *Same,* Ib. 10, 14.

*Petition dismissed.*