BOLESLAW PANIKOWSKI vs. JOSEPH GIROUX & another.

Berkshire.    September 16, 1930. — October 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Way*, Private.  *Deed*, Construction.  *Evidence*, Extrinsic affecting writing.

A clause in a deed of land, "reserving a right of way over portions of the described premises as follows," followed by a description by metes and bounds of a way running from other land of the grantor to a public way, is a description of the way that is clear, explicit and free from ambiguity and includes the entire way; and, in a suit by the grantee in such deed against a subsequent grantee of the dominant estate to enjoin the second grantee from interfering with the erection of certain concrete steps within the bounds of the way, it was proper for a master to exclude evidence that the words "over portions" meant over a part of the way only.

In the suit above described, exceptions to findings of the master, relating to the condition of the premises before and after the deed was executed to the plaintiff and to the intention of the parties and their construction of the deed, to a finding that the concrete steps did not prevent vehicles from passing over the way, and to other findings touching the passage of vehicles over the way, properly were sustained, and, under a prayer in the defendant's answer, a final decree properly was entered enjoining the plaintiff from encroaching upon the way.

BILL IN EQUITY, filed in the Superior Court on October 11, 1929, and described in the opinion.

The answer of the defendants sought affirmative relief as stated in the opinion.

The suit was referred to a master.  Findings by the master and objections filed by the plaintiff are described in the opinion.  Interlocutory and final decrees, entered by order of *Burns*, J., are described in the opinion.  The plaintiff appealed.

*H. L. Harrington*, for the plaintiff.

*V. O. Cote*, for the defendants.

CROSBY, J.    This is a bill to enjoin the defendants from interfering with the alleged rights of the plaintiff in a right of way, and to compel the defendants to replace certain

steps erected on the way and removed by the defendants. The defendants deny the allegations of the bill and allege that the plaintiff has obstructed the way in violation of their rights, and pray that the plaintiff be enjoined from interfering with the defendants' use of the way. The case was referred to a master who made certain findings of fact. To these findings the defendants filed objections. Those numbered 1–5, both inclusive, were sustained by the trial judge. Those numbered 6A to 6C, both inclusive, not having been argued, were treated as waived. An interlocutory decree was entered sustaining the defendants' objections 1 to 5, inclusive, and, except as so modified, the master's report was confirmed. By the terms of the final decree the bill was dismissed with costs, and the plaintiff was perpetually enjoined from maintaining a structure of any kind on the right of way, and from interfering with the defendants' free and unobstructed use of the way. The plaintiff's appeals from the interlocutory and final decrees bring the case before this court.

It appears from the master's report that by deed dated June 16, 1923, and duly recorded, Harvey A. Gallup and William A. Gallup conveyed to the plaintiff and one Lewocha certain land by metes and bounds, but "RESERVING a right of way over portions of the described premises as follows: — Beginning at the stone bound first mentioned and thence running westerly along line No. 1 a distance of sixty-five and twenty-five one hundredths (65.25) feet; thence running southerly along line No. 2 a distance of five (5) feet; thence running westerly parallel to line No. 3 a distance of eleven (11) feet; thence running northerly parallel to line No. 4 a distance of sixty-six and twenty-eight one-hundredths (66.28) feet to land of this grantor; thence running easterly along land of this grantor and along line No. 5 a distance of eleven (11) feet; thence running southerly along line No. 6 and an extension of line No. 6 a distance of forty-six and twenty-eight one-hundredths (46.28) feet; thence running southeasterly fourteen and fourteen one-hundredths (14.14) feet to a point five (5) feet northerly of line No. 1; thence running

easterly parallel to and five (5) feet northerly of line No. 1 a distance of fifty-five and twenty-five one-hundredths (55.25) feet to said Rand Street and thence running southerly along said Rand Street five (5) feet to the place of beginning."

By deed dated August 1, 1925, the grantee Lewocha conveyed his interest in the land to the plaintiff. On April 27, 1929, Harvey A. and William A. Gallup conveyed a certain parcel of land to the defendants by metes and bounds, and also conveyed to them by the same deed the right of way reserved in the deed to the plaintiff and Lewocha, by express reference to that deed.

The master found that the plaintiff constructed a flight of three concrete steps leading to a house owned by him and extending from the house thirty inches and over the westerly line of the right of way twenty-four inches; that they were destroyed by the defendants with the exception of about fourteen inches thereof next to the house; that the portion left extended over the westerly line of the way about eight inches; that the plaintiff and the defendants at various times had trouble over the right of way and its use, each claiming title to it; and that it is very definitely described by metes and bounds, and can be easily located from the description in the deed.

The description of the way in the deed to the plaintiff is clear, explicit and free from ambiguity. It follows that parol evidence was inadmissible to modify or control it. It amounted to a reservation in the grantors. The plaintiff contends that he has a right to maintain steps or other structures on the way; that in the deed the words "over portions" mean over a part of the way only. This contention is contrary to the express terms of the deed. The reservation includes the entire way. As the description in the deed is definite, certain and free from ambiguity, oral evidence was inadmissible to show the intention of the grantors with respect to the rights of the grantees at the time the conveyance was made.

The defendants' objections one to five, both inclusive, to the findings of the master relating to the condition of the

premises before and since the deed was executed to the plaintiff and to the intention of the parties and their construction of the deed, to the finding that the concrete steps did not prevent vehicles from passing over the way, and the other findings touching the passage of vehicles over the way, as well as the further objections argued to the findings of the master were rightly sustained. *Van Ness* v. *Boinay*, 214 Mass. 340, 343.

The master properly excluded the offer of proof from one of the plaintiff's grantors that the word "portions" as used was intended to relate to reservations of portions of the way. To have admitted this testimony would have been contrary to the plain meaning of the terms of the deed. "When the description in a deed or devise is clear and explicit, and without ambiguity, there is no room for construction, or for the admission of parol evidence, to prove that the parties intended something different." *Cook* v. *Babcock*, 7 Cush. 526, 528.

Whether the provision in the deed to the plaintiff be considered as an exception or a reservation, the same result is reached. The rights of both parties are to be determined by the deed from the Gallups to the plaintiff and Lewocha.

The plaintiff's requests for rulings were rightly denied. It follows that the interlocutory and final decrees must be affirmed with costs.

*Ordered accordingly.*