KUBIC vs. AUDETTE, 102 Mass. App. Ct. 228

 
 VINCE KUBIC & another [Note 1] vs. DAVID AUDETTE.

102 Mass. App. Ct. 228
 November 14, 2022 - January 23, 2023

Court Below: Land Court
Present: Sullivan, Massing, & Hershfang, JJ.

 

No. 21-P-1058.

Easement. Real Property, Easement, Littoral property, Boundary, Ownership. Way, Private. License. Waiver. Practice, Civil, Standing, Waiver.

There was no merit to the claim that the plaintiffs, as owners of properties that were the subject of a disputed right of way to access a great pond, lacked standing to assert that the defendant's use of the right of way overburdened the easement rights conveyed to him. [229]

On remand from a prior appeal to this court of a civil action arising from a dispute over a right of way, the Land Court judge's reasonable and necessary inquiry into the language of the relevant deeds, the circumstances existing at the time the easement was created, and the subsequent uses of the right of way did not exceed the scope of the remand order [229-230]; further, the defendant failed to carry his burden of showing that erecting and using a dock in front of the plaintiffs' lakefront properties was a normal and reasonably anticipated use of the right of way [230-231]; finally, there was no merit to the defendant's contention that a waterways license granted to him by the Department of Environmental Protection to construct and maintain the dock implied that he had a property right to use the right of way to gain access to the dock [232]. 

Civil action commenced in the Land Court Department on December 17, 2013. 

 Following review by this court, 98 Mass. App. Ct. 289, 156 N.E.3d 204 (2020), additional proceedings were had before Jennifer S.D. Roberts, J. 

 Henry J. Lane for the defendant.

 Nicholas P. Shapiro (Taylor Lee also present) for the plaintiffs.

 MASSING, J. This case returns to us after remand from Kubic v. Audette, 98 Mass. App. Ct. 289 (2020) (Kubic I). A Land Court judge entered judgment, finding and declaring that defendant David Audette's construction and use of a large, trident-shaped dock on Webster Lake, situated directly in front of the lakefront properties belonging to the plaintiffs, Vince Kubic and Paul 

 Page 229 

Kubik, [Note 2] overburdened Audette's easement to obtain access to the lake via the fifty-foot wide right of way running between and straddling the plaintiffs' properties (ROW). The judge further held that Audette could use the ROW to gain access to the lake only for purposes generally reserved to the public in great ponds, and that he could also use the ROW for temporary parking and placement of items (for no more than fifteen minutes) to serve such purposes. Audette appeals, claiming that the plaintiffs lacked standing, that the judge exceeded the scope of the remand order, that Audette's use of the dock does not overburden the easement, and that the issuance of a waterways license to him by the Department of Environmental Protection (DEP) to build the dock implied a right to use the ROW to reach it. We affirm the judgment.

 Discussion. [Note 3] 1. Standing. The plaintiffs own fee interests in the land on which the ROW is located. Kubic I, 98 Mass. App. Ct. at 290, 302-303. As owners of the properties on which the ROW is situated, the plaintiffs have standing to assert the claim that Audette's use of the ROW overburdened the easement rights conveyed to him. See Southwick v. Planning Bd. of Plymouth, 65 Mass. App. Ct. 315, 319-320 (2005) (fee owner of burdened land "is among those entitled to assert the claim that such use would overload the easement over his servient estate"). See also, e.g., Hodgkins v. Bianchini, 323 Mass. 169, 172-175 (1948) (addressing various claims brought by owner of property to establish extent of use of easement granting "lane" through property). Indeed, the plaintiffs' standing was explicit in the remand order, which referred to "the rights of Vince, Paul, and people other than Audette who hold easement rights in the ROW." Kubic I, supra at 305. Audette's claim that the plaintiffs lack standing is patently frivolous.

 2. Scope of remand order. Audette asserts that the remand order was limited to determining whether the physical placement of the dock overburdened the easement by creating a barrier preventing others from gaining access to the lake. We do not read the remand order so narrowly.

 In Kubic I, we determined that Audette and other easement holders were given "a right to use the ROW to gain access to the 

 Page 230 

lake," but that the easement does not allow them to park vehicles on the ROW (except for temporary parking to offload people or personal items), or "to occupy [the shoreline] area without the [plaintiffs'] permission, be it by hosting social events, placing a picnic table, or storing the dock over the winter." Id. at 303-304. Having made those determinations, we stated that "the question remains whether the placement and use of the dock is overburdening the easement." Id. at 304. We further noted that the placement of the dock, and Audette's alleged "engage[ment] in various acts of intimidation to discourage others from using the area," required factual findings "to determine the extent to which the construction and use of the dock overburdens the easement." Id. at 305. Thus, in the disposition paragraph of the decision, we remanded for the judge "to address the extent to which Audette's use of the dock unreasonably interferes" with others' rights. Id.

 To overburden an easement means to use it "for a purpose different from that intended in the creation of the easement," Taylor v. Martha's Vineyard Land Bank Comm'n, 475 Mass. 682, 685 n.11 (2016), quoting Southwick, 65 Mass. App. Ct. at 319 n.12. The owner of the dominant estate can overburden the easement "by changing the 'manner, frequency, [or] intensity of the use.'" Taylor, supra at 687, quoting Restatement (Third) of Property: Servitudes § 4.10 (2000). To address whether Audette's use of the ROW differed from its intended uses, the judge reasonably -- indeed, by necessity -- looked to the language of the relevant deeds, the circumstances existing at the time the easement was created, and the subsequent uses of the ROW. See McLaughlin v. Selectmen of Amherst, 422 Mass. 359, 364 (1996) ("We construe the scope of an easement from the parties' intent, which we ascertain from the relevant instruments and the objective circumstances to which they refer"); Cannata v. Berkshire Natural Resources Council, Inc., 73 Mass. App. Ct. 789, 795796 (2009) (extent of easement depends on express terms and circumstances of grant); Boudreau v. Coleman, 29 Mass. App. Ct. 621, 632 (1990) (court may consider subsequent uses, not too remote in time or disconnected from deed, to discern parties' intent in creating easement). The judge's reasonable and necessary inquiry did not exceed the scope of the remand order.

 3. Overburdening analysis. Ultimately, the judge did not reach the question whether the placement of the dock or Audette's conduct interfered with the plaintiffs' use of their property or others' use of the easement because the judge determined that the 

 Page 231 

easement did not provide an express or implied right for Audette, or for the owners of any other of the properties served by the easement, to use the ROW to construct or gain access to a dock at all. Rather, the judge determined that the intended uses were limited to the "transient uses" traditionally associated with public access to tidal waters, navigable streams, and great ponds. We discern no error. The judge's conclusion was consistent with our statement in Kubic I that the easement holders had the right to use the ROW to reach the lake and, once there, to "use the lake for fishing, swimming, boating, and other uses that are reserved for the public in great ponds." Kubic I, 98 Mass. App. Ct. at 303. Indeed, the judge, citing Fay v. Salem & Danvers Aqueduct Co., 111 Mass. 27, 27 (1872), included a more expansive statement of those rights to also include "taking water or ice," "fowling," and "skating."

 Audette contends that because the ROW was unquestionably intended to provide easement holders access to the lake for boating, it follows that it must also provide him access for constructing and using a dock, as docks are commonly located on lakes and associated with boating. "It is true that an easement granted in general and unrestricted terms is not limited to the uses made of the dominant estate at the time of its creation, but is available for the reasonable uses to which the dominant estate may be devoted." Hewitt v. Perry, 309 Mass. 100, 105 (1941), quoting Parsons v. New York, N.H. & H.R.R., 216 Mass. 269, 273 (1913). See FOD, LLC v. White, 99 Mass. App. Ct. 407, 412-413 (2021) (discussing concept of "normal development" in connection with future permitted uses of easement). "It does not follow, however, that because the defendant has a general right of way over the [ROW] he may exercise it in any manner he sees fit." Bedford v. Cerasuolo, 62 Mass. App. Ct. 73, 82 (2004), quoting Hodgkins, 323 Mass. at 173.

 As Audette "relies upon the easement, the burden rests upon him to show that his right is extensive enough to authorize the amount and character of the use which he has made of the way." Swensen v. Marino, 306 Mass. 582, 583 (1940). He has failed to carry this burden. Apart from citing general principles, Audette offered no support by way of evidence or specific cases holding that erecting, maintaining, and using a dock in front of the lakefront properties of others is a normal or reasonably anticipated use of a right of way intended to allow easement holders to pass through those properties to reach the lake.

 Page 232 

 4. Effect of Audette's DEP license. As an argument of last resort, Audette contends for the first time in this appeal that DEP's grant to him of a waterways license under G. L. c. 91 to construct and maintain the dock, and the plaintiffs' failure to appeal from that licensing decision, necessarily implies that he has a property right to use the ROW to gain access to it. [Note 4] Not only is this claim waived, see Palmer v. Murphy, 42 Mass. App. Ct. 334, 338 (1997), it is also meritless. Licenses granted under c. 91 do not create property rights, nor do they authorize interference with the property rights of others. See G. L. c. 91, § 15 ("the grant of a license pursuant to this chapter shall not convey a property right, nor authorize any injury to property or invasion of rights of others"); Mahajan v. Department of Envtl. Protection, 464 Mass. 604, 620-621 (2013). Moreover, Audette's own license specifically states, "Nothing in this Waterways License shall be construed as authorizing encroachment in, on or over property not owned or controlled by the Licensee, except with the written consent of the owner(s) thereof." [Note 5]

Judgment after remand, entered August 26, 2021, affirmed.

FOOTNOTES
[Note 1] Paul Kubik. 

[Note 2] Consistent with Kubic I, 98 Mass. App. Ct. at 291 n.4, we refer to the plaintiffs by their first names, Vince and Paul, when referring to them individually. 

[Note 3] We do not repeat the facts or prior proceedings, which are set forth in detail in Kubic I, 98 Mass. App. Ct. at 290-296. For a sketch of the lots owned by the plaintiffs and the ROW, see id. at 306 (Appendix). 

[Note 4] The DEP "may issue a general license authorizing noncommercial small-scale docks, piers and similar structures that are accessory to a residential use" (emphasis added). G. L. c. 91, § 18C (a). We note that, in applying for the license, Audette represented to the DEP, erroneously, that he was the owner of the land between the plaintiffs' properties. See Kubic I, 98 Mass. App. Ct. at 304. 

[Note 5] Although Audette's standing and c. 91 license claims are frivolous, we cannot say that the appeal as a whole is "so utterly without basis as to warrant an award of fees and costs against either counsel or his client." Ressler v. Deutsche Bank Trust Co. Ams., 92 Mass. App. Ct. 502, 510 (2017). Accordingly, the plaintiffs' request for costs and attorney's fees is denied. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.