NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-557

CLAUDINO CARDOSO, trustee,[1] & another[2]

vs.

AY ENTERPRISES, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, AY Enterprises, LLC, appeals from a summary judgment entered by a Land Court judge declaring that the defendant's property, referred to as Lot B on a 1916 plan, is subject to an easement appurtenant to Lot A, which is owned by the plaintiffs, Claudino Cardoso and Maria Cardoso, as trustees of the 419-429 Bowdoin Street Condominium Trust.  On appeal, the defendant argues that the judge erred in granting summary judgment for the plaintiffs because (1) there were genuine issues of material fact as to whether the language "a right of way over Lot B" in various deeds and mortgages beginning in 1916 created an express easement; (2) if such an easement did exist,

_____

[1] Of the 419-429 Bowdoin Street Condominium Trust.
[2] Maria Cardoso, trustee of the 419-429 Bowdoin Street Condominium Trust.

the judge failed to consider its scope at the time of its creation, and the easement "over" Lot B was only for the purpose of traveling from Lot A to Lot C; and (3) the easement "over" Lot B had been extinguished for lack of necessity when Lot A and Lot C were no longer owned by the same person.  We affirm.

Background.  On November 27, 1916, a surveyor created a plan (1916 plan) depicting five lots in Dorchester then owned by James A. Sullivan.  Later that year, Sullivan conveyed to Mary McPherson Lot A "[t]ogether with a right of way over Lot B on said [1916] plan from Bowdoin Street to the dividing line between said Lot B and Lot D on said plan."[3]  All conveyances of Lot A between 1916 and 1921 contained that same language.  A single conveyance of Lot A in January 1922 did not include the language conferring a right of way over Lot B.  Conveyances of Lot A later in 1922 and in 1924 again contained language, "[t]ogether with a right of way over said [L]ot B on said [1916] plan from Bowdoin Street to . . . the dividing line between said lots B and said Lot D."  Beginning in 1936, instruments conveying Lot A did not contain that specific language, but referred to the 1916 plan and simply noted that the conveyances were "with the benefit of and subject to rights of way of record and easements now in force and applicable."

---

[3] At the same time, Sullivan also conveyed Lot C to McPherson. We focus on Lot A because it became the plaintiffs' property.

2

In 1994, Lot A was conveyed to the plaintiffs "with the benefit of and subject to rights of way of record, and easements, now in force or of record." Lot A is located at 419-429 Bowdoin Street.

In 2007, Lot B, along with Lots C and D, was conveyed to the defendant by quitclaim deed. Lot C is located at 413 Bowdoin Street. Lot B is a driveway located between Lot A and Lot C.

As a result of a dispute between the plaintiffs and defendant about whether the plaintiffs had a right to use Lot B to access the rear area of Lot A, the plaintiffs commenced this action, seeking declaratory relief as to the parties' rights in and over Lot B.[4] The parties filed cross motions for summary judgment. The plaintiffs argued they have an express easement over Lot B, and the defendant countered that the plaintiffs had not proven the existence of such an express easement. After the plaintiffs filed an affidavit of counsel attaching documents that evidenced the conveyances of the right of way over Lot B in the plaintiffs' chain of title, the defendants replied that if an express easement previously existed, it was only to permit

---

[4] The plaintiffs' complaint asserted an easement by prescription over Lot B. After learning during discovery that the chain of title of Lot A included the conveyance of the right of way over Lot B, the plaintiffs asserted in their motion for summary judgment that they had an express easement over Lot B.

the owner of Lots A and C to cross back and forth over Lot B, and had been extinguished when the same person no longer owned Lots A and C.  The defendant also argued that language in documents giving the plaintiffs a right of way "over" Lot B permitted them only to cross Lot B back and forth from Lot A to Lot C, and not to use it as "a means of ingress and egress" to the rear of Lot A.[5]

After a hearing, the judge entered summary judgment for the plaintiffs, declaring that Lot B "is subject to an easement appurtenant to Lot A as shown on that [1916] plan for all reasonable uses to which Lot A may be devoted."  The defendant appealed.

Discussion.  We review de novo the grant of summary judgment.  See Chamberlain v. Badaoui, 95 Mass. App. Ct. 670, 673 (2019).  "Where the relevant facts are undisputed and the case was decided on cross motions for summary judgment on the same legal issue, one of the moving part[ies] is entitled to judgment as a matter of law (quotation and citation omitted)." Id.

---

[5] The defendant also pointed out that in 1934, the city of Boston foreclosed on a tax lien on Lot B, but the related documents made no mention of a right of way across Lot B for the benefit of Lot A.  The judge ruled that "the taking of Lot B for nonpayment of taxes did not affect pre-existing easement rights, such as those benefiting Lot A."  The defendant does not raise the issue on appeal, and so we do not reach it.

4

Existence of easement.  The defendant argues that there was a genuine issue of material fact as to the existence of the plaintiffs' easement over Lot B, because there was "no evidence" to demonstrate how it was created.  On the contrary, as mentioned above, the 1916 conveyance of Lot A from Sullivan to McPherson included "a right of way over Lot B."  Subsequent conveyances of Lot A, with the exception of the one in 1921, either included similar language or stated, as did the instrument conveying Lot A to the plaintiffs, that the conveyance was "with the benefit of . . . easements, now in force or of record."

The interpretation of an easement created by deed is "derived from the presumed intent of the grantor, . . . to be ascertained from the words used in the written instrument, construed when necessary in the light of the attendant circumstances."  Patterson v. Paul, 448 Mass. 658, 665 (2007), quoting Sheftel v. Lebel, 44 Mass. App. Ct. 175, 179 (1998).  The words used in the written instruments in the plaintiffs' chain of title amply support the judge's interpretation that Lot A was conveyed to the plaintiffs with a right of way over Lot B.  The plaintiffs met their burden to establish the existence of the express easement.

Scope of easement.  The defendant argues that the judge erred by not considering the scope of the right of way across

5

Lot B in the original 1916 grant.  The defendant contends that the word "over" in the instruments conveying the right of way should be construed to mean that the easement holder could travel across Lot B to get back and forth from Lot A to Lot C, but could not travel in a lengthwise direction to the rear of Lot B to access that part of Lot A.  We are not persuaded.

An "easement is not to be limited to such use as seemed likely to be made about the time of the conveyances which created it.  In the absence of express limitations, . . . a general right of way obtained by grant may be used for such purposes as are reasonably necessary to the full enjoyment of the premises to which the right of way is appurtenant."  Cannata v. Berkshire Natural Resources Council, Inc., 73 Mass. App. Ct. 789, 795 (2009).  See Kubic v. Audette, 102 Mass. App. Ct. 228, 231 (2023) ("an easement granted in general and unrestricted terms is not limited to the uses made of the dominant estate at the time of its creation, but is available for the reasonable uses to which the dominant estate may be devoted" [citation omitted]).  In interpreting the scope of the easement, we must look at the language used as our primary source of ascertaining the meaning.  Sheftel, 44 Mass. App. Ct. at 179.

The language "together with a right of way over Lot B" does not constrain the plaintiffs to travel only across the driveway.  The use of the word "over" in the language creating the right of

6

way did not limit the direction of the plaintiffs' movement. See <u>Panikowski</u> v. <u>Giroux</u>, 272 Mass. 580, 582 (1930) (deed reserving "right of way over portions" of land did not mean over part of way only; "[t]he reservation includes the entire way"). The deed granted the plaintiffs a general right of way over Lot B, the scope of which is not limited or restricted. The judge properly concluded that the instruments in their chain of title gave the plaintiffs a right of way over the entirety of Lot B.

<u>Extinguishment of easement</u>. The defendant argues that the original purpose of the right of way over Lot B was to enable the owner at the time, Sullivan, to pass from Lot A to Lot C, and once Lots A and C were no longer owned by the same person, the right of way was extinguished by lack of necessity. The argument is unavailing.

"An express easement can be extinguished only by grant, release, abandonment, estoppel or prescription," and its existence is not affected by "[l]ack of necessity and obsolescence." <u>Emery</u> v. <u>Crowley</u>, 371 Mass. 489, 495 (1976), citing <u>Delconte</u> v. <u>Salloum</u>, 336 Mass. 184, 188 (1957). There is nothing in the language of the written instruments that created the right of way over Lot B limiting its use to traveling between Lot A and Lot C. Lot A and Lot C both have frontage on Bowdoin Street, and could each be accessed easily without needing to cross the driveway between them that is Lot B. The

7

language creating the right of way also did not limit its use to a common owner of Lots A and C. Further, when common ownership of Lots A and C diverged in 1919 and 1920, each deed conveying a lot to separate owners contained the express language conferring the right of way. Therefore, the right of way was not extinguished by lack of necessity when the common ownership of Lots A and C diverged.[6]

Judgment affirmed.

By the Court (Ditkoff, Singh & Grant, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered: March 24, 2023.

---

[6] The plaintiffs' request for appellate attorney's fees and costs is denied. "Although the . . . appeal is unsuccessful, it is not frivolous." Perry v. Zoning Bd. of Appeals of Hull, 100 Mass. App. Ct. 19, 25 n.10 (2021), quoting Filbey v. Carr, 98 Mass. App. Ct. 455, 462 n.10 (2020).

[7] The panelists are listed in order of seniority.

8