NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-796

WOODLAND, LLC

vs.

JOSEPH H. SARRIS, JR., & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Woodland, LLC (Woodland), owns numerous lots in a subdivision in Millis that was laid out a century ago by an entity known as the Millis Building Association, Inc. (MBA). Some of the interior roads originally contemplated as part of the subdivision have been built out and accepted as public streets; others have not and exist on paper only. Driving the current controversy are Woodland's efforts to acquire ownership and control over those access roads that remain unbuilt (paper streets).

---

[1] Paul R. Sarris, Jean M. Cole, Gregory Sarris, Stephanie Sarris, Peter D. King, James F. King, John Paul King, Leslee Hodgman, Stephen Macinnes, Melissa Henry, Matthew Grant, Robert Barry, Scott D. Barry, Kristin E. Barry, Lisa Baker, Judith A. Morris, Allan Grant, Richard Macinnes, Joyce Powers, and Robin Gordon, trustee of the John P. Redgate, Jr. Revocable Trust.

Woodland took the position that when MBA began selling individual lots, it initially retained fee ownership of the contemplated roads, but then later sold a one-third fee interest in such roads to each of three buyers who purchased numerous lots in bulk. Woodland purported to acquire the residual interests in the roadways from successors-in-title to two of the three bulk purchasers. Based on this, Woodland claimed that it held a two-thirds undivided fee interest in the paper streets along their entire course.

In an effort to secure full ownership and control of the paper streets, Woodland filed a partition action in Land Court. At the insistence of the Land Court judge, Woodland added a claim for declaratory relief with respect to whether it owned the undivided two-thirds fee interest in the paper streets that it claimed. On Woodland's motion for summary judgment, the judge ruled against Woodland, concluding that the two deeds on which it purported to rely did not actually supply Woodland the two-thirds undivided fee interest that it claimed. The judge therefore entered a declaration to that effect, and he dismissed the partition action. Woodland appealed.

In light of the limited nature of the current appeal, we need not lay out the judge's reasoning in detail. For present purposes, it suffices to say that the judge reasoned that by operation of the derelict fee statute, G. L. c. 183, § 58, the

sellers in Woodland's chain of title did not themselves own the undivided one-third fee interest in the paper streets, and therefore could not have passed that interest along to Woodland.

On appeal, Woodland does not challenge the judge's reasoning as far as it went. Instead, Woodland changes legal theories in an effort to claim some of the relief it previously had been seeking. Specifically, Woodland now argues that -- with respect to where the individual lots that it owns border the paper streets -- it owns the fee interest in that portion of the streets by operation of the derelict fee statute, either to the centerline of the street (where the relevant lots border only one side of the street) or the entire portion of the street (where Woodland owns lots on both sides). Woodland argues that this new reformulated theory became tenable only after this court's ruling in Conway v. Caragliano, 102 Mass. App. Ct. 773, 779-782 (2023), which involved a similar factual setting of fractional interests that nominally had been reserved in an access road.[2] Woodland also argues that if the judgment is

---

[2] Conway was published on June 29, 2023. At that time, judgment against Woodland already had entered, the Land Court judge already had denied a motion for relief from judgment that Woodland filed pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), and the record for this appeal already had been assembled. As Conway itself emphasized, 102 Mass. App. Ct. at 779, citing Kubic v. Audette, 98 Mass. App. Ct. 289, 302 (2020), S.C., 102 Mass. App. Ct. 228 (2023), the derelict fee statute goes at most only to the question of fee ownership; it does not concern claims to easements in roadways.

allowed to stand, the ownership of the paper streets will be left in limbo.

The Land Court judge cannot be faulted for not reaching a claim that was never presented to him. For the same reason, Woodland's reformulated theory is not properly before us. See M.H. Gordon & Son, Inc. v. Alcoholic Beverages Control Comm'n, 386 Mass. 64, 73 (1982) (as general rule, appellate courts do not reach issues raised for first time on appeal). We therefore affirm the judgment.

So that our ruling is not misunderstood, however, we offer some additional comment. There is at least some force to Woodland's argument that its new theory is consistent with the reasoning on which the judge relied in rejecting its old theory. In addition, although Woodland has not explained why it could not have argued from the beginning of this case the position taken by the prevailing party in Conway, it appears true that publication of that case injected vitality into that theory. Woodland's recourse, if any, is not in this court, but in filing a suitable motion for relief from judgment in the Land Court pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). In considering such a motion, the judge will be in the best position to assess both the merits of Woodland's new theory and any equities related to Woodland's seeking to argue that theory

4

only now.  We express no view on whether Woodland is entitled to relief pursuant to such a motion.

In sum, we affirm the judgment, without prejudice to Woodland's filing a new rule 60 (b) motion.

<u>Judgment affirmed</u>.

By the Court (Milkey, Sacks & Smyth, JJ.[3]),

Assistant Clerk

Entered:  June 3, 2024.

---

[3] The panelists are listed in order of seniority.